46 F.3d 1142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul Francis LEWIS, Plaintiff-Appellant,
v.
DEPARTMENT OF CORRECTIONS, et al., Defendants-Appellees.
 No. 94-15849.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Jan. 10, 1995.
 
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Francis Lewis, an Arizona state prisoner, appeals pro se the district court's summary judgment for prison officials in his 42 U.S.C. Sec. 1983 action alleging that living conditions within the prison are unconstitutional. Specifically, Lewis alleged that "cats, standing water and other vermin living under the [prison] dorms" creates living conditions which are "inconsistent with the adequate sanitation required by the Eighth Amendment." Lewis also alleged that these conditions have caused him to become "sick with a constant cough and headache." We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review the district court's summary judgment de novo. Sanchez v. Vild, 891 F.2d 240, 241-42 (9th Cir.1989). A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). The party opposing summary judgment must submit evidence sufficient to establish the existence of the elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Taylor, 880 F.2d at 1045. The opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. Fed.R.Civ.P. 56(e); Celotex, 477 U.S. at 324; Leer v. Murphy, 844 F.2d 628, 631 (9th Cir.1988).
 
 
 4
 To prevail on a claim that the conditions of confinement violate the Eighth Amendment, a prisoner must prove that prison officials deliberately failed to provide for or were deliberately indifferent to his basic needs for adequate food, clothing, shelter, sanitation, medical care, or personal safety. Wilson v. Seiter, 501 U.S. 297-98, 304 (1991). Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 114 S.Ct. 1970, 1984 (1994).
 
 
 5
 Here, defendants submitted the affidavits of a correctional officer, an assistant deputy warden, and a security officer within the prison. These affidavits indicate that the area of the prison in question is treated once per month for insects and other pests by an outside contractor. The contractor is called back for "spot" treatments when the need arises. Cat traps also are used to remove cats from prison grounds. The defendants submitted the affidavit of the pest control contractor which supports the prison officials' statements regarding measures taken to abate the alleged pest problem. The defendants' affidavits further indicate that Lewis has been offered a transfer to another housing unit to accommodate his sensitivity to the alleged cat odors within his unit, but Lewis has not taken advantage of this offer.
 
 
 6
 In his opposition, Lewis did not present any evidence that prison officials deliberately failed to provide for or were deliberately indifferent to his basic need for adequate shelter or sanitation. Instead, Lewis submitted the affidavits of two inmates containing conclusory allegations regarding prison living conditions and prison officials' lack of attention to those conditions. This evidence was insufficient to raise a genuine issue of fact as to whether prison officials were deliberately indifferent to allegedly unsafe living conditions. See Farmer, 114 S.Ct. at 1984; Leer, 844 F.2d at 631 (9th Cir.1988); see also Hansen v. United States, 7 F.3d 137, 138 (9th Cir.1993) (affidavits containing only conclusory allegations unsupported by statements of fact cannot defeat summary judgment motion). Accordingly, the district court did not err by granting summary judgment for the defendants.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3