50 F.3d 19
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark S. WILSON, Plaintiff-Appellant,
v.
Carmen Danny CLEM; Christian C. Casad; Irene Kiyoko Asai;
Gayle Wakefield, Defendants-Appellees.
 No. 94-35272.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 13, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mark S. Wilson, a Washington state prisoner, appeals pro se the district court's dismissal of his civil rights suit brought under 42 U.S.C. Secs. 1983 and 1985(2). In his complaint, Wilson alleged that: (1) defendants Clem, Casad, and Asai, district attorneys, improperly joined charges against him, introduced false evidence against him at his criminal trial in 1990, elicited perjured testimony, failed to correct perjured testimony, and introduced perjured statements of their own; (2) defendant Wakefield, a court reporter, deliberately falsified Wilson's trial transcript; and (3) defendants Clem, Casad, Asai, and Wakefield conspired to procure his conviction for assault. Compensatory and punitive damages were sought.
 
 
 3
 On appeal, Wilson contends that the district court erred by: (1) dismissing his action against defendants Clem, Casad, and Asai, district attorneys, on the basis of absolute prosecutorial immunity; and (2) granting summary judgment to defendant Wakefield, a court reporter, on the grounds that, inter alia, Wilson failed to present evidence to indicate that Wakefield participated in the material falsifications of the court transcript. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 Claims Relating to Wilson's Conviction
 
 4
 Wilson contends that the district court erred by dismissing his complaint against district attorneys Clem, Casad, and Asai. This contention lacks merit.
 
 
 5
 A section 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated. Heck v. Humphrey, 114 S.Ct. 2364, 2372-74 (1994).[1]
 
 
 6
 Here, Wilson sought damages based on the allegations that Clem, Casad, and Asai brought about his conviction for assault by, among other wrongful conduct, introducing false evidence against him at his criminal trial, eliciting perjured testimony, and failing to correct perjured testimony. These allegations, which raise a claim for the violation of Wilson's due process rights under Brady v. Maryland, 373 U.S. 83, 87-88 (1963), and its progeny, necessarily imply the invalidity of his conviction. Wilson has not, however, shown that his conviction was invalidated by a state or federal court. See Heck, 114 S.Ct. at 2372-73. Thus, Wilson's section 1983 claims against these defendants have not accrued and are, therefore, barred by Heck. See id. at 2372, 2374.
 
 
 7
 Ordinarily, we would affirm the district court's dismissal of those section 1983 claims relating to the validity of Wilson's conviction,[2] but vacate and remand with instructions to enter judgment dismissing such claims without prejudice so that Wilson can refile his complaint should he succeed in challenging the legality of his continued confinement. Because, however, the district attorney defendants are entitled to absolute immunity, see Ashelman v. Pope, 793 F.2d 1072, 1075-78 (9th Cir.1986) (en banc), as the district court correctly found, there is no need to remand these claims.
 
 
 8
 Court Reporter's Falsification of the Trial Transcripts
 
 
 9
 Wilson contends that the district court erred by granting defendant Wakefield summary judgment. This contention lacks merit.
 
 
 10
 We review de novo the district court's grant of summary judgment. Hansen v. United States, 7 F.3d 137, 138 (9th Cir.1993). Summary judgment is appropriate if, viewing the evidence in the light most favorable to the non-moving party, no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Hansen, 7 F.3d at 138. Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and come forth with specific facts to show that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); Hansen, 7 F.3d at 138.
 
 
 11
 Here, Wakefield submitted an affidavit establishing that she was not the court reporter at Wilson's trial in April 1990, but only for proceedings conducted on January 11 and 30, 1990. All of Wilson's allegations against Wakefield concern her alleged material fabrication of the trial record. Thus, because Wakefield was not the court reporter at the time of the alleged material falsifications of the trial transcript, the district court properly granted summary judgment on her behalf.[3]
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Supreme Court's decision in Heck applies retroactively to the instant case because the Court applied the rule announced in Heck to the parties in that case. See Harper v. Virginia Dep't of Taxation, 113 S.Ct. 2510, 2517 (1993) (no court may refuse to apply rule of federal law retroactively once the Court applies it to the parties before it)
 
 
 [2]
 In reviewing decisions of the district court, we may affirm on any ground supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993)
 
 
 [3]
 On January 3, 1995, Wilson filed a motion to stay further action on his case. We deny Wilson's motion as moot