107 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mitchell Paul BILKE, Plaintiff-Appellant,
v.
CORPORATION OF the STATE OF ARIZONA, individually and
official capacities; Arizona Department of
Corrections, individually and official
capacities, Defendants,
and
Samuel Lewis, Director of DOC, individually & official
capacities; Elizabeth Janqula, Industrial Hygienist III,
individually and official capacities; Barrows, Warden,
North Unit, individually & official capacities; Associate
Deputy Warden Master-Webb, North Unit, individually and
official capacities, Defendants-Appellees.
 No. 96-15803.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 06, 1997.
 
 Before: CANBY, HAWKINS and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mitchell Paul Bilke, an inmate at the Arizona State Prison Complex-Tucson, sued the defendants, eighteen prison officials, under 42 U.S.C. § 1983, alleging that they had violated his Eighth Amendment rights by exposing him to unacceptably high levels of asbestos and by denying him access to follow-up medical care for a broken thumb. The district court granted the defendants' motion for summary judgment. Bilke timely appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * We review de novo the district court's grant of summary judgment. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there exists "no genuine issue as to any material fact" such that "the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing that there is a genuine issue of fact for trial. Fed.R.Civ.P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).
 
 
 4
 To demonstrate an Eighth Amendment violation, an inmate must first show that the deprivation or injury suffered was "objectively, sufficiently serious," Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted), and second, that the prison officials acted with a "sufficiently culpable state of mind." Id. (citation omitted). The latter showing requires the prisoner to prove both that the official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]," and that the official in fact drew the inference. Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir.1995) (quoting Farmer, 511 U.S. at 837).
 
 Asbestos
 
 5
 In 1994, prison officials undertook renovation of what is now the Arizona State Prison Complex-Florence, North Unit Yard II ("North II"), including the replacement of the roofs on four buildings. Prison officials elected to employ inmates on the job, one of whom was Bilke.[1] He asserts that he was exposed to unacceptably high levels of asbestos while working at North II.
 
 
 6
 Bilke has failed to adduce any evidence of an "objectively, sufficiently serious" deprivation or injury. The only evidence of airborne asbestos fibers--the results of air samplings conducted during the construction project on June 11 and June 14, 1994, interpreted by defendants' expert--indicates that plaintiff's exposure was well within OSHA standards for maximum permissible unprotected exposure. See 29 C.F.R. § 1926.58(c). Bilke responded to defendants' evidence with only the unsupported assertion that the defendants' tests were flawed. We agree with the district court that "no reasonable jury could find such self serving allegations capable of refuting competent scientific evidence."
 
 
 7
 Even were Bilke able to demonstrate an injury cognizable under the Eighth Amendment, he has also failed to produce any evidence that defendants were subjectively aware of any threat to his health. Although Farmer requires actual knowledge on the part of prison officials, the Court noted that "knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." 511 U.S. at 842. Here, although defendants were aware that small amounts of asbestos were present, the only reasonable inference regarding their state of mind that can be drawn from the evidence in the record is that defendants in fact believed no substantial risk of serious harm existed.
 
 Thumb
 
 8
 Bilke contends that after he smashed his thumb while working on the project, defendants denied him access to follow-up medical care.[2] In response to defendants' summary judgment motion, however, Bilke produced no evidence in support of this claim. He failed to identify which defendant denied him such access, failed to provide any evidence of resulting harm, and failed to provide any evidence that the allegedly culpable defendant was both aware of a substantial risk of harm and ignored that risk. Rather, he responded with the unsupported allegation in his own affidavit that the defendants compelled him to work on the date of his medical appointment and barred him from treatment. Because a nonmoving party relying on only his own affidavits "cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact," Hansen v. United States, 7 F.3d 137, 138 (9th Cir.1993), summary judgment was appropriate.
 
 II
 
 9
 Bilke raises several other issues on appeal, which we address briefly.
 
 Access to courts
 
 10
 Bilke asserts that the defendants deprived him of his constitutional right of access to the courts by placing unreasonable restrictions on his library access. However, he failed to establish the existence of a triable issue of fact as to the "actual injury" required and thus cannot withstand summary judgment. Lewis v. Casey, 116 S.Ct. 2174, 2180 (1996) (to establish the requisite actual injury an inmate "must demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.").[3]
 
 Appointment of counsel
 
 11
 Finally, Bilke contends that the district court erred in denying his motion under 28 U.S.C. § 1915(d) to appoint counsel. We review for abuse of discretion. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991).
 
 
 12
 Only under exceptional circumstances may a district court appoint counsel to represent an indigent civil litigant. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986). A finding of exceptional circumstances requires an "evaluation of both the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims per se in light of the complexity of the legal issues involved." Id. (citation and internal quotation marks omitted.)
 
 
 13
 Bilke has demonstrated sufficient legal knowledge and writing ability to articulate his claims, which are not particularly complex. Moreover, Bilke's inability to proffer any evidence to support his claims made likelihood of success on the merits unlikely. We discern no abuse of discretion.
 
 
 14
 Bilke's remaining miscellaneous contentions lack merit.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The parties dispute whether Bilke was a volunteer or a conscript. This dispute is immaterial to our disposition
 
 
 [2]
 Although Bilke complains that defendants were dilatory in providing him with emergency medical attention--there was an alleged two hour delay between injury and treatment--he expressly grounds his Eighth Amendment claim solely on the alleged denial of access to subsequent medical appointments
 
 
 [3]
 The Court provided two examples of injuries satisfying the requirement: The inmate might show "that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of the deficiencies in the prison's legal assistance facilities, he could not have known" or he might show "that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint." Id