T.C. Memo. 2002-272


UNITED STATES TAX COURT


ROBERT D. HILL, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3782-02L.                    Filed October 29, 2002.


Robert D. Hill, pro se.

Erin K. Huss, for respondent.


MEMORANDUM OPINION

LARO, Judge:  Petitioner, while residing in Sedona, Arizona, petitioned the Court under section 6330(d) to review respondent's filing of a notice of lien under section 6323 and his determination as to proposed levy upon petitioner's property. Respondent filed the lien and proposed the levy to collect Federal income taxes (including accuracy-related penalties and

interest) of approximately $2,874.95 for 1993, $7,557.50 for 1995, and $8,403.70 for 1996.[1]  Currently, the case is before the Court on respondent's motion for summary judgment under Rule 121 and to impose a penalty under section 6673.  Petitioner responded to respondent's motion under Rule 121(b).[2]

We shall grant respondent's motion for summary judgment and shall impose a $3,500 penalty against petitioner.  Unless otherwise noted, section references are to the applicable versions of the Internal Revenue Code.  Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner filed a 1993, 1995, and 1996 Federal income tax return on August 17, 1994, April 9, 1997, and October 27, 1997, respectively.  Each return showed a tax liability due. Petitioner has never paid any of that tax reported as due.

On November 2, 2000, respondent mailed to petitioner a "Notice of Federal Tax Lien Filing and Your Right to a Hearing" (lien notice) with respect to 1993, 1995, and 1996.  Enclosed

---

[1] We use the term "approximately" because these amounts were computed before the present proceeding and have since increased on account of interest.

[2] As part of his response, petitioner challenges as improper a declaration of respondent's counsel that accompanied respondent's motion for summary judgment.  The declaration describes certain documents contained in respondent's administrative file, all of which were submitted to the Court as part of respondent's motion for summary judgment.  We find petitioner's challenge disingenuous.

with the lien notice was a copy of Form 12153, Request for a Collection Due Process Hearing. On November 30, 2000, respondent received from petitioner the completed Form 12153 requesting the hearing regarding the lien.

On December 14, 2000, petitioner filed an amended U.S. individual income tax return for 1996. Petitioner reported that he had zero income and zero taxes due, explaining the changes: "Due to ignorance I reported as income sources of income as income itself when in fact I had no statutory income tax to report." He attached to the amended return a declaration stating in part that "this return is not being filed voluntarily," petitioner "had 'zero' income according to the Supreme Court's definition of income", and petitioner "can only swear to having 'zero' income for 1996."

On March 28, 2001, respondent mailed to petitioner a "Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing" (final levy notice). The final levy notice pertained to the subject years and informed petitioner of (1) respondent's intention to levy under section 6331 and (2) petitioner's right under section 6330 to a hearing with respondent's Office of Appeals (Appeals). Enclosed with the final levy notice was a copy of Form 12153. On April 2, 2001, petitioner sent to respondent the completed Form 12153 requesting the hearing regarding the levy.

On April 7, 2001, petitioner filed an amended U.S. individual income tax return for 1995. Petitioner reported zero income and zero taxes due, explaining the changes: "Due to ignorance I reported as income sources of income as being income itself, when in fact I had no statutory income to report."

On October 12, 2001, Appeals Officer Julienne Peterson held with petitioner a hearing under section 6330. At the hearing, the Appeals officer provided petitioner with Forms 4340, Certificates of Assessments, Payments and Other Specified Matters. The Forms 4340 were dated August 29, 2001, and were for 1993, 1995, and 1996. The Appeals officer discussed with petitioner the case of Pierson v. Commissioner, 115 T.C. 576 (2000), and provided petitioner with a copy of the Court's opinion in that case. The Appeals officer also gave petitioner a copy of this Court's opinion in Davis v. Commissioner, T.C. Memo. 2001-87.

On January 3, 2002, respondent issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 for 1993, 1995, and 1996. This notice reflected the determination of Appeals to sustain the lien and proposed levy.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v.

Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are drawn in a manner most favorable to the party opposing summary judgment.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

As will be shown in the discussion that follows, petitioner has raised no genuine issue as to any material fact. Accordingly, we conclude that this case is ripe for summary judgment.

Section 6321 imposes a lien in favor of the United States on all of a person's property and rights to property where such person is liable to pay any tax and neglects or refuses to pay the same after demand.  Under section 6322 the lien arises at the time the assessment is made and continues until the liability for the amount so assessed is paid.  Section 6323(a) requires the Secretary to file a notice of Federal tax lien in order for the

lien to be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor. Lindsay v. Commissioner, T.C. Memo. 2001-285.

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice of the filing of a notice of lien under section 6323. The notice required by section 6320 must be provided not more than 5 business days after the day of the filing of the notice of lien. Sec. 6320(a)(2). Section 6320 further provides that the person may request administrative review of the matter (in the form of an Appeals Office hearing) within 30 days beginning on the day after the 5-day period. Section 6320(c) provides that the Appeals Office hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e). See, e.g., Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary may collect such tax by levy on the person's property. Section 6331(d) provides that at least 30 days before enforcing collection by levy on the person's property, the Secretary must provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the person has been given

notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination. Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, supra. In the case of such judicial review, the Court will review a taxpayer's liability under the de novo standard where the validity of the underlying tax liability is at issue. The Court will review the Commissioner's administrative determination for abuse of discretion with respect to other issues. Sego v. Commissioner, 114 T.C. 604, 610 (2000).

Here, respondent notified petitioner that respondent had filed a notice of Federal income tax lien against petitioner's property and was proposing to levy upon that property in order to collect unpaid income tax assessments. Following the determination by Appeals that respondent's lien and proposed levy were proper, petitioner sought relief in this Court. Petitioner alleges in his petition that "The determination was made without verification that the law and procedures were complied with." Petitioner asserts that

> neither of the transcripts [Forms 4340] showed that the
> Petitioner had been sent the Notice of Assessment
> pursuant to 26 U.S.C. §6303 or that the Commissioner
> had transmitted the Certified Assessment list,
> identifying the petitioner, to the Director or that the
> assessment officer had in fact executed the summary
> record of assessment on the dates the assessments were
> alleged to have been made.

We disagree with petitioner's allegation that the Appeals officer failed to obtain the verification from the Secretary required by section 6330(c)(1). Section 6330(c)(1) does not require the Appeals officer to rely upon a particular document (e.g., the summary record itself rather than transcripts of account) in order to satisfy this verification requirement. Kuglin v. Commissioner, T.C. Memo. 2002-51; see also Weishan v. Commissioner, T.C. Memo. 2002-88. Nor does it mandate that the Appeals officer actually give a taxpayer a copy of the verification upon which the Appeals officer relied. Sec. 6330(c)(1); sec. 301.6330-1(e)(1), Proced. & Admin. Regs.; see also Nestor v. Commissioner, 118 T.C. 162 (2002). Given the additional fact that petitioner was actually given copies of the relevant Forms 4340, which are a valid verification that the requirements of any applicable law or administrative procedure have been met, Roberts v. Commissioner, 118 T.C. 365 (2002); Mudd v. Commissioner, T.C. Memo. 2002-204; Howard v. Commissioner, T.C. Memo. 2002-81; Mann v. Commissioner, T.C. Memo. 2002-48, we hold that: (1) The assessments were valid, Kuglin v. Commissioner, supra; see also Duffield v. Commissioner, T.C. Memo. 2002-53, and (2) the Appeals officer satisfied the verification requirement of section 6330(c)(1), Yacksyzn v. Commissioner, T.C. Memo. 2002-99; cf. Nicklaus v. Commissioner, 117 T.C. 117, 120-121 (2001). Petitioner has not demonstrated in

this proceeding any irregularity in the assessment procedure that would raise a question about the validity of the assessment or the information contained in Forms 4340.  See Mann v. Commissioner, supra.

Petitioner further contends that he had not been sent "the Notice of Assessment."  The record shows otherwise.  "The Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof."  Sec. 6303(a).  If mailed, this notice and demand is required to be sent to the taxpayer's last known address.  Id.  Forms 4340 show that respondent sent petitioner notices of balance due for 1993, 1995, and 1996.  A notice of balance due constitutes a notice and demand for payment within the meaning of section 6303(a).  Schaper v. Commissioner, T.C. Memo. 2002-203.  In addition, petitioner received numerous final notices (notices of intention to lien and levy), receipt of which petitioner does not dispute.  These numerous notices were sufficient and met the requirements of section 6303(a).  Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993); Hughes v. United States, 953 F.2d 531, 536 (9th Cir. 1992); Weishan v. Commissioner, supra.  "The form on which a notice of assessment and demand for payment is made is irrelevant as long as it provides the taxpayer with all the information

required under 26 U.S.C. § 6303(a)." Elias v. Connett, 908 F.2d 521, 525 (9th Cir. 1990).

For the foregoing reasons, we sustain respondent's determination as to the lien and proposed levy as a permissible exercise of discretion. We now turn to the requested penalty under section 6673.

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. We have repeatedly indicated our willingness to impose such penalties in a lien and levy review case. Roberts v. Commissioner, supra. Moreover, we have imposed penalties in such proceedings when the taxpayer has raised frivolous and groundless arguments as to the legality of the Federal tax laws. Yacksyzn v. Commissioner, supra; Watson v. Commissioner, T.C. Memo. 2001-213; Davis v. Commissioner, T.C. Memo. 2001-87.

Petitioner, we believe, has instituted and maintained this proceeding primarily for delay and has advanced only frivolous and groundless shopworn arguments. He was informed of our decision in Pierson v. Commissioner, 115 T.C. 576 (2000), wherein we stated unequivocally that we would not hesitate to impose penalties under section 6673 against taxpayers who advance

frivolous and groundless claims in a lien or levy proceeding, or instituted that proceeding for the purpose of delay.  Petitioner also was advised of our decision in <u>Davis v. Commissioner</u>, <u>supra</u>,[3] wherein we imposed upon the taxpayer a $4,000 penalty under section 6673, for advancing frivolous and groundless claims.  Pursuant to section 6673, we require petitioner to pay to the United States a penalty of $3,500.

We have considered all arguments made by the parties and have found those arguments not discussed herein to be irrelevant and/or without merit.  To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.

---

[3] At the hearing the Appeals officer gave copies of above-referenced cases to petitioner.