**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In the Matter of: MARC SCOTT
CANEVA,

              *Debtor,*

MARC SCOTT CANEVA,

              *Appellant,*

v.

SUN COMMUNITIES OPERATING
LIMITED PARTNERSHIP,

              *Appellee.*

No. 07-15686

D.C. No.
CV-06-01311-MHM

ORDER
AMENDING
OPINION AND
AMENDED
OPINION

Appeal from the United States District Court
for the District of Arizona
Mary H. Murguia, District Judge, Presiding

Submitted October 24, 2008*
San Francisco, California

Filed November 5, 2008
Amended December 15, 2008

Before: Alfred T. Goodwin, Robert R. Beezer, and
Jay S. Bybee, Circuit Judges.

Per Curiam Opinion

---

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

16411

## COUNSEL

Roberta J. Sunkin, Allan D. NewDelman, P.C., Phoenix, Arizona, for the defendant-appellant.

Edwin B. Stanley, Simbro & Stanley, Scottsdale, Arizona, for the plaintiff-appellee.

## ORDER

The opinion filed November 5, 2008, appearing at slip op. 15129, is amended as follows:

At slip op. 15132, line 2, change "plaintiff-appellant" to "defendant-appellant."

At slip op. 15132, line 4, change "defendant-appellee" to "plaintiff-appellee."

At slip op. 15133, first full paragraph, 3rd line, after "§ 158(d).", add footnote 1:

Because the bankruptcy court specifically concluded that its summary judgment grant effectively disposed of all claims raised in Sun's adversary complaint, we determine that the appeal from the district court's affirmance thereof was from a final judgment for jurisdictional purposes. Where there is any doubt about finality, a bankruptcy or district court can always avail itself of the direct appeal certification procedures of 28 U.S.C. § 158(d)(2).

## OPINION

PER CURIAM:

Marc Scott Caneva (Caneva) appeals the district court's order affirming the bankruptcy court's grant of summary judgment in favor of Sun Communities Operating Limited Partnership (Sun). The bankruptcy judgment denied Caneva discharge pursuant to 11 U.S.C. § 727(a)(3) because it was undisputed that Caneva had failed to keep or preserve records with respect to certain business entities that he owned or controlled and with respect to a payment of $500,000 to one Anita Bowden. Caneva assigns error to both judgments, asserting that "genuine issues of material fact" can be found in the record.

The district court had jurisdiction pursuant to 28 U.S.C. § 158(a). We have jurisdiction pursuant to 28 U.S.C. § 158(d).[1] We affirm the challenged judgment.

---

[1]Because the bankruptcy court specifically concluded that its summary judgment grant effectively disposed of all claims raised in Sun's adversary complaint, we determine that the appeal from the district court's affirmance thereof was from a final judgment for jurisdictional purposes. Where there is any doubt about finality, a bankruptcy or district court can always avail itself of the direct appeal certification procedures of 28 U.S.C. § 158(d)(2).

## FACTS AND PROCEDURAL HISTORY

Prior to filing his voluntary Chapter Seven Petition, Caneva owned or controlled numerous business entities, recreational vehicle and mobile home parks in Florida, and an airplane. Sun, one of Caneva's creditors, filed an adversary complaint objecting to discharge pursuant to 11 U.S.C. § 727(a)(3) and (a)(4)(A), and objecting to dischargeability pursuant to 11 U.S.C. § 523(a)(4).

Sun argued that Caneva was not entitled to discharge under 11 U.S.C. § 727(a)(3) because he had failed to keep or preserve records from which his financial condition or business transactions could be accurately ascertained. Throughout the course of the bankruptcy proceedings, Caneva had filed multiple amendments to his bankruptcy Schedules and Statement of Financial Affairs. In his final amendment to Schedule B, listing his personal property, Caneva listed fifteen business entities in which he held stock or interests and stated that "[t]he extent of his interest and the status of several of the entities is unknown. The debtor has made his best effort to list all he knows and if additional information becomes available, additional amendments will be made."

Sun questioned Caneva about the nature of his interests in these companies and the existence of financial records for them during a Bankruptcy Rule 2004 Examination. Caneva admitted that he kept no records for the entities, despite the fact that some of them had business operations and others existed as holding companies for active businesses. Caneva also admitted during the Rule 2004 Examination that he had no documentation regarding the payment of $500,000 to Bowden as a brokerage fee for a $20 million loan that Caneva stated he did not receive, although he indicated that Sun could contact the Federal Bureau of Investigation for details on Bowden's criminal prosecution and conviction.

Sun moved for summary judgment. It argued that Caneva violated 11 U.S.C. § 727(a)(3) by failing to keep or preserve

records, 11 U.S.C. § 727(a)(4)(A) by failing to satisfactorily explain the loss or diminution of assets, and 11 U.S.C. § 523(a)(4) by committing fraud or defalcation while acting in a fiduciary capacity. The bankruptcy court granted summary judgment on the § 727(a)(3) claim and denied Caneva discharge. Neither the bankruptcy court nor the district court reached the § 727(a)(4)(A) diminution of assets or § 523(a)(4) fraud questions.

The bankruptcy court applied the analysis described in *Lansdowne v. Cox (In re Cox)*, 41 F.3d 1294 (9th Cir. 1994), and found that Sun had shown a prima facie case that Caneva failed to keep or preserve adequate records and that such failure made it impossible for Sun to accurately determine his financial condition and the nature and extent of material business transactions. The court stated that "[t]his case presents a situation factually different than most cases where the question is whether the information produced was adequate" because Caneva admitted to "not providing *any* documentation on several business entities and transactions" despite admitting "that some had operations or held assets as holding companies." The court found this to be fatal, reasoning that "[b]y definition . . . the failure to have any documents or records is inadequate" because "the absence of *any* documents for these entities makes it impossible to determine their value, their significance and their impact on [Caneva's] estate."

After finding that Sun had shown a prima facie case, the bankruptcy court found that Caneva failed to carry his burden of explaining why his failure to keep or preserve records was justified under the circumstances. The court faulted Caneva for "simply parrot[ing] back in his affidavit the text of Section 727(a)(3), conclusorily denying its elements," rather than providing affidavits or testimony from the accountants who set up the companies that might have supported his assertion that nothing related to these entities existed because there was nothing to document.

Caneva filed a motion to reconsider, which the bankruptcy court denied, and then appealed to the district court. The district court affirmed the orders granting summary judgment and denying Caneva's motion to reconsider. It focused on Caneva's admissions during the Rule 2004 Examination that "he had no books or records for several of his business entities despite that some of the entities had business operations" and "that he had no documents to substantiate an alleged $500,000 transfer to Anita Bowden . . . ." This appeal followed.

## STANDARD OF REVIEW

"The roles of this Court and the district court are essentially the same in the bankruptcy appellate process." *Parker v. Community First Bank (In re Bakersfield Westar Ambulance, Inc.)*, 123 F.3d 1243, 1245 (9th Cir. 1997) (citing *In re DAK Indus.*, 66 F.3d 1091, 1094 (9th Cir. 1995)). Thus, we directly review the bankruptcy court's decision. *Id.* "We review the bankruptcy court's grant of summary judgment de novo," and must view the evidence in the light most favorable to the non-moving party and "determine whether there are any genuine issues of material fact and whether the bankruptcy court correctly applied the substantive law." *Id.* (citing *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996)). A material fact is one that, "under the governing substantive law . . . could affect the outcome of the case." *Thrifty Oil Co. v. Bank of America Nat'l Trust & Savings Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The party moving for summary judgment must initially identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party

meets its burden, the non-moving party must "set out specific facts showing a genuine issue for trial." Fed R. Civ. P. 56(e)(2).

## DISCUSSION

### I.   Failure to Keep or Preserve Records

**[1]** Section 727(a) of the Bankruptcy Code provides that a debtor is entitled to discharge unless one of eight conditions is met. 11 U.S.C. § 727(a)(1)-(8). Under 11 U.S.C. § 727(a)(3), the court shall grant the debtor discharge unless:

> the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all the circumstances of the case.

**[2]** We have stated that the purpose of § 727(a)(3) is to make discharge dependent on the debtor's true presentation of his financial affairs. *Cox*, 41 F.3d at 1296 (citation omitted). The disclosure requirement removes the risk to creditors of "the withholding or concealment of assets by the bankrupt under cover of a chaotic or incomplete set of books or records." *Burchett v. Myers*, 202 F.2d 920, 926 (9th Cir. 1953). The statute does not require absolute completeness in making or keeping records. *Rhoades v. Wikle*, 453 F.2d 51, 53 (9th Cir. 1971). Rather, the debtor must "present sufficient written evidence which will enable his creditors reasonably to ascertain his present financial condition and to follow his business transactions for a reasonable period in the past." *Id.* This exception to dischargeability, however, "should be strictly construed in order to serve the Bankruptcy Act's purpose of giving debtors a fresh start." *Industrie Aeronautiche*

*v. Kasler (Matter of Kasler)*, 611 F.2d 308, 310 (9th Cir. 1979) (citation omitted).

A creditor states a prima facie case under § 727(a)(3) by showing " '(1) that the debtor failed to maintain and preserve adequate records, and (2) that such failure makes it impossible to ascertain the debtor's financial condition and material business transactions.' " *Cox*, 41 F.3d at 1296 (quoting *Meridian Bank v. Alten*, 958 F.2d 1226, 1232 (3d Cir. 1992)). After showing inadequate or nonexistent records, "the burden of proof then shifts to the debtor to justify the inadequacy or nonexistence of the records." *Id.* (citations omitted).

Caneva argues that because he turned over a substantial quantity of documents to both the bankruptcy trustee and Sun, a genuine issue of material fact necessarily exists as to whether these documents were adequate to determine his financial condition and business transactions notwithstanding his admission that he has no records for some of his business entities. Caneva further contends that because Sun could have obtained information about Bowden from the public record generated by her criminal prosecution, the district court erred in finding that his admission that he had no records related to the payment of $500,000 to Bowden established a violation of § 727(a)(3).

**[3]** We disagree. The Seventh Circuit has held that § 727(a)(3) "places an affirmative duty on the debtor to create books and records accurately documenting his business affairs." *Peterson v. Scott (In re Scott)*, 172 F.3d 959, 969 (7th Cir. 1999) (citing *In re Juzwiak*, 89 F.3d 424, 429 (7th Cir. 1996)). The court also noted that when a debtor is sophisticated and carries on a business involving substantial assets, "creditors have an expectation of greater and better record keeping." *Id.* at 970 (citing *Juzwiak*, 89 F.3d at 428). Prior to filing for bankruptcy, Caneva owned or controlled numerous business entities, owned an aircraft, and had substantial assets. He argues that because many of his business entities

were holding companies or did not conduct business operations, records for them may not exist. Caneva has asked Sun, the bankruptcy and district courts, and now this court to disregard the affirmative duty that § 727(a)(3) imposes on a debtor to keep and preserve records, take him at his word that he has no records because there was nothing to record, and focus instead on what might be learned from the boxes of records he did keep and eventually offered to the bankruptcy court. In other words, he says that if there is a needle in this haystack, it is up to the court to find it.

**[4]** Caneva's continued focus throughout these proceedings on the quantity of the records that he produced misses the crucial point that the total absence of records related to his business entities and to his alleged $500,000 payment to Bowden necessarily makes it impossible for Sun to accurately determine his financial condition and business transactions.

**[5]** As the Third Circuit has stated " '[c]omplete disclosure is in every case a condition precedent to the granting of the discharge, and if such a disclosure is not possible without the keeping of books or records, then the absence of such amounts to that failure to which the act applies.' " *Meridian Bank*, 958 F.2d at 1230 (quoting *In re Underhill*, 82 F.2d 258, 259-60 (2d Cir. 1936)). Without the records that Caneva admitted he did not keep, Sun cannot determine what assets his business entities held or may still hold, what assets passed through them and where they might have gone, and what their present value is, if anything. Without any documentation related to the payment to Bowden, Sun cannot determine the details of that transaction or verify that it actually took place.

**[6]** Caneva's testimony given during the Bankruptcy Rule 2004 Examination unequivocally establishes that he failed to keep or preserve any recorded information related to certain of his business entities and to the $500,000 payment to Bowden. Although § 727(a)(3) does not demand absolute completeness in a debtor's records, it does require a debtor to keep

and preserve records that will enable his creditors to accurately ascertain his financial condition and business transactions. *See Rhoades*, 453 F.2d at 53. Thus, we hold that when a debtor owns and controls numerous business entities and engages in substantial financial transactions, the complete absence of recorded information related to those entities and transactions establishes a prima facie violation of 11 U.S.C. § 727(a)(3). Likewise, we hold that when a debtor transfers a substantial amount of money to a third party, the failure to keep any documentation evidencing the terms of the transfer or the fact that the payment actually took place establishes a prima facie violation of 11 U.S.C. § 727(a)(3).

## II.   The Debtor's Burden to Justify the Failure to Keep or Preserve Records

[7] If a creditor establishes a prima facie violation of § 727(a)(3), a debtor may show that he is nonetheless entitled to discharge by establishing that his failure to keep or preserve records was justified under the circumstances of his case. *See* 11 U.S.C. § 727(a)(3); *Cox*, 41 F.3d at 1296-97. Thus, after Sun put forth evidence that established that no question of material fact existed as to Caneva's failure to keep or preserve records, Caneva could have avoided summary judgment by presenting evidence sufficient to show that a question of material fact did exist as to whether such failure was justified under the circumstances of his case. Aside from a conclusory statement tracking the language of § 727(a)(3) in his affidavit in opposing summary judgment, however, Caneva made no effort to present evidence tending to show that the business entities for which he admitted no records existed were of the type that would not generate records. Likewise, he has not presented any evidence that might justify his failure to keep records regarding the $500,000 payment to Bowden.

In *Cox*, we stated that " '[j]ustification for [a] bankrupt's failure to keep or preserve books or records will depend on

. . . whether others in like circumstances would ordinarily keep them.' " 41 F.3d at 1299 (quoting *Matter of Russo*, 3 B.R. 28, 34 (Bankr. E.D.N.Y. 1980)). The Third Circuit has stated that the fact that a debtor was honest in producing all the records he had was not sufficient to satisfy the requirements of § 727(a)(3); rather, it is a condition to obtaining a discharge in bankruptcy " 'either that the bankrupt shall produce such records as are customarily kept by a person doing the same kind of business, or that he shall satisfy the bankruptcy court with adequate reasons why he was not in duty bound to keep them.' " *Meridian Bank*, 958 F.2d at 1232 (quoting *White v. Schoenfeld*, 117 F.2d 131, 132 (2d Cir. 1941)). Rather than attempting to provide justification, however, Caneva has continuously asserted that the fact that he produced some records creates a question of material fact as to whether those records were adequate. In briefing to this court, Caneva asserted that because he did not believe that Sun had met its initial burden of establishing that the records he did keep were not adequate, he did not have to show that a question of material fact existed as to whether his failure to keep records with respect to certain of his business entities and the payment to Bowden was justified under the circumstances of his case. Thus, the only explanation that Caneva has submitted that purports to justify his failure to keep or preserve such records is the statement in his affidavit that the circumstances of his business dealings justified the absence of any records he did not possess. He did not disclose the so-called circumstances of his business entities.

[8] Although it may appear to be unsympathetic to a debtor to expect him or her to explain by books and records that a corporation or other entity conducted no business, our cases establish that a conclusory statement in an affidavit that an absence of records is justified is not enough to avoid summary judgment. *See FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.") (citing

*Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993); *United States v. One Parcel of Real Property*, 904 F.2d 487, 492 n.3 (9th Cir. 1990)). Caneva's failure to provide an explanation for the lack of records regarding the $500,000 payment to Bowden is even more egregious. The transfer of a half million dollars is the kind of transaction for which most business entities would preserve some record. Caneva has not offered any hypothesis, much less pointed out a genuine issue of material fact, the answer to which would justify his failure to keep a record of the transaction.

## CONCLUSION

In support of its motion for summary judgment, Sun submitted uncontested testimony from Caneva that he did not have records with respect to certain of his business entities and to a $500,000 payment to a third party. Sun carried its burden under 11 U.S.C. § 727(a)(3) by establishing a prima facie case (1) that Caneva had failed to keep or preserve records and (2) that such failure made it impossible to ascertain his financial condition and material business transactions. The prima facie case shifted to Caneva the burden to avoid summary judgment by showing that a genuine issue of material fact existed with respect to whether his failure was justified under the circumstances of his case. Instead of attempting to shoulder this burden, Caneva focused almost exclusively on his assertion that he had produced boxes of unidentified documents which by themselves created a question of material fact as to whether those documents were adequate.

This is not enough. The terms of 11 U.S.C. § 727(a)(3) do not condition a debtor's discharge on the presentation of the documents that he did keep and preserve. Rather, the statute imposes an affirmative duty on the debtor to keep and preserve recorded information that will allow his creditors to ascertain his financial condition and business transactions. A debtor who has admitted to owning businesses for which he kept no recorded information and to transferring a substantial

sum of money without retaining any documentation has not kept or preserved information within the meaning of the statute, and must provide a justification for this failure that goes beyond a conclusory statement in an affidavit that he is entitled to discharge.

The district court's order affirming the bankruptcy court's grant of summary judgment is AFFIRMED.