**OLYMPIC COAST INVESTMENT, INC., a Washington Corp.,** Plaintiff–Appellant,

v.

**Lawrence D. WRIGHT, Defendant–Appellee,**

and

**Lawrence D. Wright; et al.,** Debtors–in–Possession.

No. 08–35122.

United States Court of Appeals, Ninth Circuit.

Submitted July 10, 2009.*

Filed Aug. 10, 2009.

R.App. P. 34(a)(2).

Andrew Pierce, Esquire, Quentin M. Rhoades, Sullivan, Tabaracci & Rhoades, Missoula, MT, for Plaintiff–Appellant.

Gary S. Deschenes, Deschenes & Sullivan, Great Falls, MT, for Defendant–Appellee.

Before: PREGERSON, RYMER and TASHIMA, Circuit Judges.

## MEMORANDUM **

Olympic Coast Investment, Inc. (OCI) appeals an order of the district court, which affirmed the bankruptcy court's decision to discharge the debts of Lawrence and Ann Marie Wright. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and affirm.

█ We agree with OCI that the Wrights did have an affirmative obligation to create adequate documentation that would allow their creditors to ascertain their financial condition. *See* 11 U.S.C. § 727(a)(3); *Caneva v. Sun Cmtys. Operating Ltd. P'ship (In re Caneva)*, 550 F.3d 755, 764 (9th Cir.2008) ("[T]he statute imposes an affirmative duty on the debtor to keep and preserve recorded information that will allow his creditors to ascertain his financial condition and business transactions. A debtor who has admitted to owning businesses for which he kept no recorded information and to transferring a substantial sum of money without retaining any documentation has not kept or preserved information within the meaning of the statute."); *Cox v. Lansdowne (In re Cox)*, 904 F.2d 1399, 1402 (9th Cir.1990) (*Cox I*) (affirming the bankruptcy court's finding of inadequate documentation where the debtors had no ledgers, books, or other records to document their interest in a major corporation and various residential real estate transactions). However, OCI has done no more than state in conclusory fashion that the Wrights' documents were inadequate. It was OCI's burden to show the records that were kept—deeds, trust indentures, and settlement statements— did not suffice, *see Lansdowne v. Cox (In re Cox)*, 41 F.3d 1294, 1296 (9th Cir.1994) (indicating it is the creditor's burden to show "that the debtor failed to maintain and preserve adequate records") (internal

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

quotation marks omitted), and OCI has failed to offer any evidence or argument on that point. Accordingly, the bankruptcy court did not abuse its discretion in granting a discharge to the Wrights. *Cox I,* 904 F.2d at 1401 ("Because the right to a discharge is a matter generally left to the sound discretion of the bankruptcy judge, we disturb this determination only if we find a gross abuse of discretion.") (internal quotation marks omitted).

The bankruptcy court also did not err by requiring expert testimony, as OCI suggests. Rather, it simply indicated one way OCI could have supported its claim that the Wrights' documents were inadequate was through expert testimony.

**AFFIRMED.**