Dennis MAYERON, Plaintiff–counter–defendant–Appellant,

v.

UNITED STATES of America; et al., Defendants–cross–defendants–Appellees,

Auguste Roberts, Defendant–counter–claimant–crossclaimant–Appellee.

No. 07–16460.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Jan. 14, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Dennis Mayeron, Berkeley, CA, for Plaintiff–counter–defendant–Appellant.

Patricia M. Bowman, Esquire, Jonathan S. Cohen, Esquire, U.S. Department of Justice, Washington, D.C., Cynthia Lewis Stier, Esquire, U.S. Attorney's Office, San Francisco, CA, for Defendants–cross–defendants–Appellees.

Thomas P. Sullivan, Esquire, Brown & Sullivan, LLP, Alameda, CA, for Defendant–counter–claimant–crossclaimant–Appellee.

Before: WALLACE, TROTT and RYMER, Circuit Judges.

## MEMORANDUM ***

Taxpayer Dennis Mayeron appeals pro se from the district court's summary judgment in favor of Defendants in Mayeron's quiet title action arising from the Internal Revenue Service's ("IRS") seizure of his real property and sale to Auguste Roberts to satisfy Mayeron's federal tax liability. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the existence of subject matter jurisdiction and for clear error factual findings relevant to this determination. *See United States v. Peninsula Communications, Inc.,* 287 F.3d 832, 836 (9th Cir.2002). We review de novo a district court's decision on cross motions for summary judgment. *See Arakaki v. Hawaii,* 314 F.3d 1091, 1094 (9th Cir. 2002). We affirm.

██ Mayeron's contention that the government should be dismissed is not persuasive because the government asserts a sufficient interest in the property at the time Mayeron commenced this lawsuit and the record does not indicate otherwise. *See* 28 U.S.C. § 2410; *Hansen v. United States,* 7 F.3d 137, 138 n. 1 (9th Cir.1993) (per curiam) (declining to reach whether the government waived sovereign immunity under section 2410 but noting that the "record does not contain any evidence to show that the IRS, in addition to selling the property, no longer claims a mortgage or lien interest in the property"); *cf. Hughes v. United States,* 953 F.2d 531, 538 (9th Cir.1992) ("If the government has sold the property prior to the filing of the suit, *and no longer claims any interest in the property,* § 2410 does not apply.") (emphasis added). The district court properly dismissed Mayeron's claim against the United States that the IRS failed to com-

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ply with the notice of deficiency requirements of 26 U.S.C. §§ 6212 and 6213(a) as beyond the reach of section 2410. *See Elias v. Connett,* 908 F.2d 521, 527 (9th Cir.1990) (holding that a taxpayer may not use section 2410 to challenge the merits of an assessment).

■ The district court properly granted summary judgment regarding Mayeron's claim that the IRS failed to comply with the notice of assessment requirements of 26 U.S.C. § 6303(a), because Mayeron did not raise a triable issue as to whether the IRS sent him numerous notices informing him of the amount owed and requesting payment. *See Hansen,* 7 F.3d at 138 (plaintiffs' declaration that they did not receive notice of assessment did not raise triable issue that IRS did not send the notice); *Hughes,* 953 F.2d at 536 ("These numerous notices were sufficient because the form on which a notice of assessment and demand for payment is made is irrelevant as long as it provides the taxpayer with all the information required under 26 U.S.C. § 6303(a).") (internal quotation omitted).

■ The district court properly granted summary judgment regarding Mayeron's claim that the IRS failed to comply with the notice of sale requirements of 26 U.S.C. § 6335(b), because Mayeron did not raise a triable issue as to whether the IRS properly left the notice at his residence in addition to mailing it. *See Olsen v. Idaho State Bd. of Med.,* 363 F.3d 916, 922 (9th Cir.2004) (summary judgment standard).

■ The district court properly granted summary judgment regarding Mayeron's claim that the IRS improperly reduced his property's "minimum price" in violation of 26 U.S.C. § 6335(e)(1)(A), because his allegations actually concerned the IRS's estimate of "forced sale value" and he did not raise a triable issue as to whether the IRS

deviated from its standard procedures. *See Olsen,* 363 F.3d at 922.

■ Mayeron's contention that the district court improperly considered evidence not disclosed under Federal Rule of Civil Procedure 26 is without merit because the evidence considered was either duplicative of previously-submitted evidence or related to allegations raised by Mayeron for the first time in his summary judgment motion. *See* Fed.R.Civ.P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion ... unless the failure was substantially justified or is harmless."); *Garrett v. City & County of San Francisco,* 818 F.2d 1515, 1518 n. 3 (9th Cir.1987) (de novo review of decisions in which district court did not exercise its discretion).

Mayeron's remaining contentions are not persuasive.

**AFFIRMED.**

