**Merlin HANSEN; Dolores Hansen, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 92–55839.**

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 1993 *.

Memorandum Filed May 24, 1993.

Order and Opinion Filed Sept. 8, 1993.

* The panel unanimously finds this case suitable for disposition without oral argument. Fed.

John Hansen, Bellflower, CA, for plaintiffs-appellants.

James A. Bruton, Acting Asst. Atty. Gen., Gary R. Allen, Charles E. Brookhart, and Marion E.M. Erickson, Attys., Tax Div., Dept. of Justice; also on the brief were Terree A. Bowers, U.S. Atty. and Mason C. Lewis, Asst. U.S. Atty., of counsel, for the U.S.

Before: HUG, WIGGINS and THOMPSON, Circuit Judges.

**ORDER**

The memorandum disposition filed May 24, 1993, 993 F.2d 882, is redesignated a per curiam opinion for publication.

**OPINION**

PER CURIAM:

Merlin and Dolores Hansen appeal pro se the district court's summary judgment in favor of the United States in the Hansens' action to quiet title under 28 U.S.C. § 2410.

R.App.P. 34(a); 9th Cir.R. 34–4.

We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review de novo a district court's summary judgment. *Hughes v. United States,* 953 F.2d 531, 541 (9th Cir.1992). "We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Id.* The party moving for summary judgment must show by "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, ... that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Hughes,* 953 F.2d at 541. Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or by the depositions, answers to interrogatories, and admissions on file, come forth with specific facts to show that a genuine issue of material fact exists. Fed. R.Civ.P. 56(e); *see Hughes,* 953 F.2d at 541–42. When the nonmoving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact. *See United States v. 1 Parcel of Real Property,* 904 F.2d 487, 492 n. 3 (9th Cir.1990); (citing *Marks v. United States,* 578 F.2d 261, 263 (9th Cir. 1978)).

The Hansens contend that a genuine issue of material fact exists as to whether the Internal Revenue Service ("IRS") sent the Hansens a notice of assessment and demand for payment as required under 26 U.S.C. § 6303(a). This contention lacks merit.

The Hansens argue that the evidence submitted by the IRS to support its motion for summary judgment fails to show that notice and demand was sent to the Hansens. The IRS relied on a Form 4340 Certificate of Assessments and Payments ("Form 4340") indicating that notice and demand was sent on May 23, 1988. The Hansens argue that Form 4340 is a computer-generated form prepared exclusively for litigation and that it therefore cannot be relied on as evidence.

In *Hughes,* we held that Form 4340 is admissible as a public record even though generated by a computer. 953 F.2d at 539–40. We stated that Form 4340 is probative evidence in and of itself and, "in the absence of contrary evidence, [is] sufficient to establish that notices and assessments were properly made." *Id.* at 540. Thus, the IRS properly submitted and relied on Form 4340 to show that notice and demand was sent to the Hansens.

The Hansens argue that a genuine issue of material fact nevertheless exists on this question because they submitted their own declaration denying that they ever received a notice of assessment and demand for payment. They argue that their declaration is evidence sufficient to make summary judgment inappropriate.

The Form 4340 submitted by the IRS shows that notice and demand was sent to the Hansens' correct address on May 23, 1988. Under Rule 56(e), the Hansens were required to present "specific facts" showing that the IRS did not send them notice and demand. *See Hughes,* 953 F.2d at 541–42. The Hansens submitted an affidavit stating only, in pertinent part, that "on or about the assessment date on our Certificate of Assessments and Payments we never received in the mail a § 6803 Notice and Demand or any other document from the IRS." This statement does not show the notice was not sent. Thus, it fails to raise a genuine issue of material fact on this issue. *See 1 Parcel of Real Property,* 904 F.2d at 492 n. 3. Accordingly, the district court did not err by granting the government's motion for summary judgment.

The government's request for sanctions against the Hansens for filing a frivolous appeal is denied.

AFFIRMED.[1]

---

1. Although the IRS apparently sold the Hansens' property at a tax sale before the Hansens com-

menced this action, we decline to reach the question whether the government has therefore not waived its sovereign immunity under section 2410. *See Hughes*, 953 F.2d at 538 (section 2410 inapplicable if, at time action commenced, government has sold property and no longer claims interest in property). The record does not contain any evidence to show that the IRS, in addition to selling the property, no longer claims a mortgage or lien interest in the property.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34–4.