85 F.3d 636
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John C. LARSEN, Plaintiff-Appellant,
v.
CITY OF WILLITS; Willits Police Department; Mendocino
County District Attorney; Susan Massini et al.,
* Defendants-Appellees.
John C. LARSEN, Plaintiff-Appellant,
v.
CITY OF WILLITS, a Municipal Corporation; Willits Police
Department; Robert Foster, individual and in his capacity
as Chief of Police for Willits Police Department; Gordon
Logan, as an individual and in his capacity as City Manager
of the City of Willits, Defendants-Appellees.
 Nos. 95-15086, 95-17122.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 9, 1996.
Decided May 7, 1996.
 
 Before: BROWNING and NOONAN, Circuit Judges, and MERHIGE,** Senior District Judge.
 MEMORANDUM***
 John Larsen, a former City of Willits police officer, brought this civil rights suit to contest his termination. He appeals from the district court's grant of summary judgment in favor of the City of Willits, Willits Police Department, Robert Foster, and Gordon Logan (collectively, "the City"), and in favor of Mendocino County and Susan Massini (collectively, "the County"). Larsen also challenges the district court's dismissal of a subsequent lawsuit removed from state court.
 This case involves allegations of bias in the handling of police discipline in a small community. There is enough color to the facts presented by Larsen and disputed by the City to make us wary of attempting to dispose of all the issues short of trial.
 We have jurisdiction under 42 U.S.C. § 1291. We reverse in part, affirm in part, and remand.
 I.
 The district court erred in granting summary judgment for the City on Larsen's First Amendment and conspiracy claims. Sua sponte entry of summary judgment is proper if "there is no genuine dispute regarding a material fact essential to the proof of movant's case." Buckingham v. United States, 998 F.2d 735, 742 (9th Cir.1993). However, "a litigant must be given reasonable notice that the sufficiency of his or her claim will be in issue." Id. Although the City sought summary judgment on all three of Larsen's claims, it argued the merits of only one, the due process claim.[1] Only by focusing on isolated language from the City's notice of motion and reply brief, as the district court did in denying Larsen's motion to reconsider, could it be made to appear the City had raised the merits of the First Amendment and conspiracy claims. Viewed as a whole, the summary judgment pleadings did not give Larsen adequate notice that the merits of his First Amendment and conspiracy claims were at issue. See Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). Accordingly, we reverse the district court's grant of summary judgment for the City on Larsen's First Amendment and conspiracy claims and remand for proceedings consistent with this disposition.[2]
 II.
 The district court properly granted summary judgment for the City on Larsen's due process claims. To establish a procedural due process violation, Larsen was required to prove (1) a constitutionally protected liberty or property interest, (2) a deprivation of that interest by the government, and (3) a lack of adequate process. Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir.1993). Due process is satisfied if a government employee receives notice of his termination and has an opportunity to respond to the allegations against him. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546-47 (1985). The City presented uncontroverted evidence that these requirements were met, and Larsen presented no evidence in opposition. Larsen received notice and a full evidentiary hearing before an appeals board. The board's recommendation was then reviewed by the city manager; Larsen had no opportunity to appear before the city manager, but due process does not require that an employee be heard at each step of the appeal. The city manager did not usurp the appeals board's factfinding function; although he made the additional finding that Larsen's conduct had violated Penal Code § 4030, his finding was based on Massini's uncontradicted testimony before the appeals board.
 To establish a substantive due process violation, Larsen had to show the government's action was "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." Sinaloa Lake Owners' Ass'n v. City of Simi Valley, 882 F.2d 1398, 1407 (9th Cir.1989). Larsen was terminated after a four-day evidentiary hearing, at which the appeals board heard uncontroverted testimony he had violated department policy and state law, and after the city manager conducted an extensive review of the appeals board record. Larsen offered no evidence, save his own declaration, that would indicate the city manager's decision was arbitrary or unreasonable. Larsen's declaration contained only conclusory allegations unsupported by evidentiary facts, and thus did not create a triable issue of fact. See Hansen v. United States, 7 F.3d 137, 138 (9th Cir.1993). Accordingly, we affirm the district court's grant of summary judgment for the City on Larsen's due process claims.[3]
 III.
 We also affirm summary judgment for the County.[4] Larsen claimed Massini violated his First Amendment rights and conspired with others to do so, but the evidence he presented did not support his allegations. Larsen had criticized Massini's work; he claimed Massini retaliated by advising Foster and the appeals board Larsen had violated Penal Code § 4030, although she had evidence to the contrary. Larsen offered no evidence in support of his claims sufficient to create a triable issue of fact. Two letters from Massini to Foster opined Larsen had violated § 4030 but failed to show Massini had evidence to the contrary. Larsen's declaration contained only conclusory allegations and did not create a triable issue of fact. See Hansen, 7 F.3d at 138.
 Finally, Larsen submitted the appeals board transcript but failed to designate which portions supported his claims; the district court was not required to comb the transcript in search of evidence that a triable issue of fact existed. See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1545 (9th Cir.1988); Nissho-Iwai Am. Corp. v. Kline, 845 F.2d 1300, 1307 (5th Cir.1988) (court need not search the entire record before entering summary judgment). Because Larsen presented no evidence indicating Massini had issued her opinion in retaliation for criticism, or had conspired with others to violate Larsen's First Amendment rights, the district court properly granted summary judgment.[5]
 III.
 The district court did not clearly err in finding Larsen's wrongful termination claim was an artfully pleaded federal claim. As originally filed in federal and state court, the wrongful termination claim clearly alleged a state cause of action. After the state court sustained a demurrer, however, Larsen amended his complaint to allege his termination violated public policy by depriving him of due process. By incorporating the factual basis for his federal due process claim in his state complaint, which defendants then removed, Larsen triggered application of the artful pleading doctrine. See Salveson v. Western States Bankcard Ass'n, 731 F.2d 1423, 1429 (9th Cir.1984) (artful pleading doctrine properly applied where plaintiff's antitrust suit, while purporting to allege only state claims, challenged the same conduct previously litigated in a federal antitrust suit); Ultramar America, Ltd. v. Dwelle, 900 F.2d 1412, 1415 (9th Cir.1990) (artful pleading occurs when a plaintiff files state claims after a federal judgment has been entered against him "on essentially the same claims").[6]
 The district court did not err in dismissing Larsen's claims without leave to amend. Under the law of this circuit, when a removed state claim is found to be an artfully pleaded version of a previously dismissed federal claim, the court is to apply res judicata and dismiss the claim with prejudice. See Salveson, 731 F.2d at 1432.
 Each party shall bear its own costs.
 AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
 
 
 
 *
 Andie Jensen, who was named as an individual defendant, was dismissed by stipulation of the parties on April 9, 1996
 
 
 **
 Honorable Robert R. Merhige, Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court apparently recognized the limited nature of the City's motion; in its order granting summary judgment, it noted the City had sought summary judgment "on two grounds": first, that Larsen could not establish a due process violation, and second, that all three claims were barred by collateral estoppel
 
 
 [2]
 We note that Larsen has not yet had the opportunity to take formal discovery regarding his First Amendment and conspiracy claims. " 'Reasonable notice implies adequate time to develop the facts on which the litigant will depend to oppose summary judgment.' " Buckingham, 998 F.2d at 742 (quoting Portsmouth Square v. Shareholder Protective Comm., 770 F.2d 866, 869 (9th Cir.1985))
 
 
 [3]
 We reject Larsen's contention that the district court abused its discretion by granting summary judgment on the due process claim without allowing him to conduct discovery pursuant to Fed.R.Civ.P. 56(f). Larsen's Rule 56(f) motion failed to identify specific facts he hoped discovery would reveal; his vague assertions that discovery would reveal needed but unspecified facts did not entitle him to a continuance. See Hall v. State of Hawaii, 791 F.2d 759, 761 (9th Cir.1986)
 
 
 [4]
 Although Larsen purports to challenge the entire grant of summary judgment for the County, he does not argue summary judgment on the due process claim was inappropriate. In any event, it is undisputed that the County was not Larsen's employer and had no control over the termination procedures he challenged
 
 
 [5]
 The district court's denial of Larsen's Rule 56(f) motion was not an abuse of discretion. Larsen sought to depose Jensen but claimed only that Jensen's testimony would "support the Plaintiff's allegations against Defendants Foster, Logan, and Massini." Larsen failed to identify specific facts he hoped to discover from Jensen or indicate how the evidence to be discovered would preclude summary judgment. His motion, which at best expressed a "mere hope" that Jensen's deposition would reveal a triable issue of fact, did not justify a continuance. See Continental Maritime of San Francisco, Inc. v. Pacific Coast Metal Trades District Council, 817 F.2d 1391, 1395 (9th Cir.1987)
 
 
 [6]
 Larsen argues that because his wrongful termination claim was not filed as a federal claim in federal court, application of the artful pleading doctrine is not justified. This misses the point. Larsen's amended state-court wrongful termination claim was removed and dismissed because it presented "essentially the same claims" as his federal § 1983 claims, not because it resembled the pendent wrongful termination claim in the federal suit