98 F.3d 1345
 78 A.F.T.R.2d 96-6877
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Russell C. EMRICH, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-15478.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 2, 1996.*
Decided Oct. 9, 1996.
 
 1
 Before: SKOPIL and FLETCHER, Circuit Judges, and RHOADES, District Judge**.
 
 
 2
 MEMORANDUM***
 
 
 3
 Russell C. Emrich failed to file timely federal income tax returns for years 1981 through 1987. In response to deficiency determinations made by the IRS, he petitioned the tax court for relief. The court dismissed his petition and entered a decision against him in the amount of $220,251.28 plus penalties. Emrich neither appealed the tax court's decision nor paid the deficiency.
 
 
 4
 In an effort to collect, the IRS administratively levied on Emrich's pension and social security benefits. Emrich responded by filing this action for a refund pursuant to 26 U.S.C. § 7422 and damages for unauthorized collection pursuant to 26 U.S.C. § 7433. Emrich also filed for chapter 7 bankruptcy protection, seeking both injunctive and monetary relief for alleged improper collection and to determine his tax liabilities. The two actions were consolidated and the district court granted summary judgment, thereby rejecting Emrich's request for (1) return of the monies collected by the IRS; (2) damages for unlawful collection; (3) injunctive relief against the IRS; and (4) a judicial determination of his federal tax liability. Our review is de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996). We affirm.
 
 
 5
 In support of summary judgment, the United States submitted evidence demonstrating that it followed all necessary procedures in issuing the levies. The government's documentation shows that the IRS acted properly by (1) sending notices of deficiencies to Emrich by certified mail; (2) timely assessing Emrich's tax liabilities; (3) mailing Emrich notices of assessment and demand for payment; and (4) mailing Emrich notices of levy. We reject Emrich's contention that the government's documentation is either insufficient or inadmissible. See Huff v. United States, 10 F.3d 1440, 1445 (9th Cir.1993), cert. denied, 114 S.Ct. 2706 (1994); Hansen v. United States, 7 F.3d 137, 138 (9th Cir.1992) (per curiam); Hughes v. United States, 953 F.2d 531, 539-40 (9th Cir.1992).
 
 
 6
 To oppose summary judgment, Emrich was required to offer "specific facts" showing that the IRS failed to follow proper procedures. Hansen, 7 F.3d at 138. He provided nothing more than his own conclusory statements as to the alleged impropriety of the government's procedures. The government's evidence was unrefuted other than by Emrich's declaration. Emrich nevertheless complains that he was not permitted to complete discovery and that the government was "concealing information" necessary to establish his case. He has not made the requisite showing, however, that he diligently pursued previous discovery opportunities and that additional discovery would have precluded summary judgment. See Qualls v. Blue Cross of California, 22 F.3d 839, 844 (9th Cir.1994).
 
 
 7
 Finally, we affirm the trial court's decision not to redetermine Emrich's tax liability. The court clearly had discretion to decide whether such a redetermination should be made. See 11 U.S.C. § 505(a)(1). While the district court did not explain its decision, the government offers two compelling justifications. First, because there were no assets in Emrich's bankruptcy estate, there was no need for a determination of tax liability under section 505(a)(1). Second, under section 505(a)(2)(A), the district court did not have jurisdiction because the amount and legality of Emrich's tax liability had previously been "contested before and adjudicated by a judicial or administrative tribunal." See In re Baker, 74 F.3d 906, 909 (9th Cir.), cert. denied, 116 S.Ct. 1683 (1996).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 The Honorable John S. Rhoades, United States District Judge for the Southern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3