133 F.3d 926
 81 A.F.T.R.2d 98-302, 98-1 USTC P 50,159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Patricia B. FARR, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 96-35950.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 17, 1997.
 
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Patricia B. Farr appeals pro se the district court's summary judgment in favor of the United States in her quiet title action under 28 U.S.C. § 2410(a) for liens arising from her failure to pay taxes in 1987. We have jurisdiction under 28 U.S.C. § 1291. We review a grant of summary judgment de novo, see Huff v. United States, 10 F.3d 1440, 1443 (9th Cir.1993), and we affirm.
 
 
 3
 Because there is no statutory authority for invalidating a tax lien for failure to comply with 26 U.S.C. § 6203, the district court did not err by rejecting Farr's claim that the government's lien is invalid because the government initially failed to respond to Farr's request for a record of assessment. See 26 C.F.R. § 301.6203-1.
 
 
 4
 Because Farr failed to rebut the presumption raised by Form 4340 that assessment was made, the district court did not err by granting summary judgment to the government on Farr's claim that assessment was not properly made under 26 U.S.C. § 6203. See Hughes v. United States, 953 F.2d 531, 535 (9th Cir.1992).
 
 
 5
 Because Farr failed to rebut the presumption that the IRS sent notice and demand on June 22, 1993 and August 9, 1993, the dates indicated on Form 4340, the district court did not err by granting summary judgment to the government on Farr's claim that the IRS failed to fulfill the requirements of 26 U.S.C. § 6303(a). See Hansen v. United States, 7 F.3d 137, 138 (9th Cir.1993) (per curiam).
 
 
 6
 Finally, the district court did not abuse its discretion by denying Farr's motion for a new trial, or to alter or amend the judgment. See Fed.R.Civ.P. 59(e) and 60(b); School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262-63 (9th Cir.1993).[1]
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We have considered Farr's remaining contentions, and find they are without merit