738

Daniel HOLGUIN, Petitioner—
Appellant,

v.

**COMMISSIONER OF INTERNAL
REVENUE, Respondent—
Appellee.**

No. 03–72916.
IRS No. 10215–02L.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 20, 2004.

Daniel Holguin, Las Vegas, NV, pro se.

B. John Williams, Jr., Esq., Shearman &
Sterling, LLP, Thomas J. Clark, Attorney,
Eileen J. O'Connor, Esq., Bethany B. Hau-
ser, U.S. Department of Justice, Tax Divi-
sion, Washington, DC, for Respondent–Ap-
pellee.

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

MEMORANDUM **

Daniel Holguin appeals pro se the Tax Court's order granting summary judgment in favor of the Commissioner of Internal Revenue, ruling the Commissioner could proceed with his levy action to collect Holguin's 1994, 1995, and 1996 federal income taxes, and imposing sanctions. We have jurisdiction under 26 U.S.C. § 7482. We review summary judgment de novo, *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993) (per curiam), and we affirm.

■ The Tax Court properly concluded that Holguin was not entitled to challenge his underlying tax liability during his Collection Due Process ("CDP") hearing because he was sent a statutory notice of deficiency. *See* 26 U.S.C. § 6330(c)(2)(B). The Tax Court also properly concluded that the Internal Revenue Service Appeals Officer who conducted the CDP hearing properly verified the existence and propriety of the tax assessments. *See* 26 U.S.C. § 6330(c)(1). Holguin's declaration that he never received the proper statutory notice of assessment and demand for payment does not create a genuine issue of material fact in the face of the Commissioner's evidence that such notice was sent. *See Hansen,* 7 F.3d at 138.

■ The Tax Court did not abuse its discretion in imposing a $1600 penalty under 26 U.S.C. § 6673(a) on the grounds that Holguin's positions were frivolous and he maintained the proceedings primarily for delay. *See Wolf v. Commissioner,* 4 F.3d 709, 716 (9th Cir.1993) ("When taxpayers are on notice that they may face sanctions for frivolous litigation, the tax court is within its discretion to award sanctions under section 6673").

Holguin's remaining contentions lack merit.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.