Wendy J. DOING, Petitioner—Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent—Appellee.

No. 04–70633, T.C.5667–03L.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.*

Decided April 13, 2005.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Wendy J. Doing, Phoenix, AZ, pro se.

Robert L. Baker, Bruce R. Ellisen, DOJ—U.S. Department of Justice, Tax Division, Washington, DC, for Respondent–Appellee.

Before B. FLETCHER, TROTT and PAEZ, Circuit Judges.

## MEMORANDUM**

Wendy J. Doing appeals pro se the United States Tax Court's order granting summary judgment in favor of the Commissioner of Internal Revenue, finding the Commissioner could proceed with his action to collect her 1998 federal income tax, and imposing sanctions. We have jurisdiction pursuant to 26 U.S.C. § 7482. Our review is de novo, *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir.1993), and we affirm.

■ The Tax Court properly concluded that Doing could not use this action to challenge her underlying tax liability during a Collection Due Process hearing because she had been sent statutory notices of deficiency, and therefore her challenge to the assessment had to be made in her petition for redetermination of income taxes under 26 U.S.C. § 6330(c)(2)(B).

■ The Tax Court properly rejected Doing's assertion that the IRS relied on improper hearsay evidence to establish her liability for federal income taxes. This court has held that IRS computer records, including the IRS Form 4340 (Certificates of Assessments, Payments and Other Specified Matters), are not hearsay. *Hughes v. United States*, 953 F.2d 531, 539–40 (9th Cir.1992). IRS Form 4340 Certificates "are highly probative, and are sufficient, in the absence of contrary evidence, to establish that the notices and assessments were properly made." *United States v. Zolla*, 724 F.2d 808, 810 (9th Cir.1984). In addition, Certificates are admissible as an official record of a public agency. *See United States v. Neff*, 615 F.2d 1235, 1241 (9th Cir.1980). Accordingly, in the absence of any cognizable contentions by Doing, the Tax Court correctly granted the Commissioner's summary judgment motion.

We do not consider the propriety of the Tax Court's imposition of a $1000 frivolous filing penalty against Doing pursuant to 26 U.S.C § 6673, because she did not challenge it on appeal. *See DHL Corp. v. Commissioner*, 285 F.3d 1210, 1224 n. 10 (9th Cir.2002).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.