**Lanny R. LANG, Plaintiff-counter-defendant—Appellant,**

v.

**UNITED STATES of America, Defendant-counter-claimant—Appellee.**

**No. 04–17291.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.[*]

Decided Aug. 5, 2005.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lanny R. Lang, Phoenix, AZ, pro se.

Jeremy N. Hendon, Teresa T. Milton, Esq., Thomas J. Clark, U.S Department of Justice Tax Division, Washington, DC, Paul K. Charlton, Office of the U.S. Attorney, Phoenix, AZ, for Defendant-counterclaimant-Appellee.

Before: O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

### MEMORANDUM***

Lanny R. Lang appeals pro se the district court's summary judgment in favor of the United States in Lang's action seeking a refund of money paid against an assessment against him pursuant to 26 U.S.C.

§ 6672 to recover the trust fund recovery penalty. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993) (per curiam), and we affirm.

Lang's sole contention on appeal is that the Internal Revenue Service's ("IRS") assessment is invalid because the Form 4340 designated the fourth quarter of 1992 as the last of a series of quarters for which he was responsible, yet an IRS Appeals Officer later found him not responsible for that quarter. This contention is unavailing as an assessment is not invalid simply because a taxpayer is later found not responsible for one of the quarters listed in the notice of assessment. *See Purcell v. United States,* 1 F.3d 932, 940–41 (9th Cir.1993) (concluding that reference to last period for which Trust Fund Taxes were owed does not limit liability to only the last period referenced).

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.