MEMORANDUM **
Ronald G. Dandar appeals pro se from the district court’s order granting summary judgment in favor of debtor in this noncore bankruptcy proceeding in which Dandar alleges that he was sexually abused as a minor by several of debtor’s priests. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Stratosphere Litig. L.L.C. v. Grand Casinos, Inc., 298 F.3d 1137, 1142 (9th Cir.2002), and we affirm.
The district court properly granted summary judgment because Dandar failed to raise a genuine issue of material fact as to whether the priests who allegedly abused him served in debtor’s parishes when he was a minor. See Fed. R. Bankr.P. 7056 (applying Federal Rule of Civil Procedure 56 in bankruptcy adversary proceedings); Hansen v. United States, 7 F.3d 137, 138 (9th Cir.1993) (per curiam) (“When the nonmoving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact.”); Fearing v. Bucher, 328 Or. 367, 977 P.2d 1163, 1165-66 (1999) (describing requirements to hold an employer liable for its employee’s torts).
The district court did not abuse its discretion by denying Dandar’s request to conduct discovery because Dandar failed to “identify by affidavit the specific facts that further discovery would reveal, and *503 explain why those facts would preclude summary judgment.” Tatum v. City & County of S.F., 441 F.3d 1090, 1100 (9th Cir.2006).
The district court did not abuse its discretion by denying Dandar’s motion to amend the complaint. See Fed. R. Bankr.P. 7015 (applying Federal Rule of Civil Procedure 15 in bankruptcy adversary proceedings); Chodos v. West Publ’g Co., 292 F.3d 992, 1003 (9th Cir.2002) (“[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad.” (internal quotation marks and citation omitted)); M/V Am. Queen v. San Diego Marine Constr., 708 F.2d 1483, 1492 (9th Cir.1983) (concluding that the district court did not abuse its discretion by denying leave to amend where the motion was filed one and one-half years after the complaint was filed and after defendants’ summary judgment motion was filed, no new facts were discovered in the interim, and the new allegations would change the basis of the action).
Dandar’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9lh Cir. R. 36-3.