NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WALNUT HILL ESTATE
ENTERPRISES, LLC; JONOTHAN
BENEFIELD; JULIE BENEFIELD,

   Plaintiffs - Appellants,

 v.

CITY OF OROVILLE; DAVID GOYER;
SHARON ATTEBERRY; JASON
TAYLOR; MITCHELL BROWN,

   Defendants - Appellees.

No. 09-17721

D.C. No. 2:08-cv-01142-FCD-
GGH

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Senior District Judge, Presiding

Argued and Submitted December 9, 2010
San Francisco, California

Before: SCHROEDER, THOMAS, and GOULD, Circuit Judges.

The district court granted summary judgment to defendants on claims

brought by plaintiffs Walnut Hill Estate Enterprises, LLC, Jonothan Benefield, and

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Julie Benefield (collectively, "Walnut Hill"), pursuant to 42 U.S.C. § 1983, for violations of their Fourth and Fourteenth Amendment rights. *Walnut Hill Estate Enters., LLC v. City of Oroville*, No. 08-1142, 2009 WL 3781038 (E.D. Cal. Nov. 10, 2009). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

I

We first address Walnut Hill's claims that the evacuation of the Oroville Inn ("the Inn") violated its rights to procedural due process and to be free from unreasonable seizures.

A

We agree with the district court that the individual defendants are protected by qualified immunity. Procedural due process does not require authorities evacuating a building to afford prior notice and a hearing when circumstances are exigent. *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 62 (1993). Nor does the Fourth Amendment require authorities to obtain judicial authorization before seizing real property in an emergency. *Camara v. Mun. Court of City & Cnty. of San Francisco*, 387 U.S. 523, 539 (1967).

Construing all facts and reasonable inferences in Walnut Hill's favor, we conclude that City of Oroville officials reasonably could have believed that the evacuation was justified by exigent circumstances. City officials reasonably could

2

have believed that the Inn's inoperable elevator rendered its non-ambulatory tenants unable to leave the building and, in the event of a fire, potentially helpless. Further, City officials reasonably could have believed that code violations at the Inn, including deficient emergency egress and dangerous electrical wiring, created a hazardous condition for tenants. Although Walnut Hill disputes the existence and seriousness of these conditions, we consider only whether City officials were reasonably justified in perceiving dangerous, and therefore exigent, conditions. *See Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009) ("The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." (internal citation and quotation marks omitted)); *McDade v. West*, 223 F.3d 1135, 1142 (9th Cir. 2000) ("'A reasonable belief that the conduct was lawful is sufficient to secure qualified immunity.'" (quoting *Kulas v. Valdez*, 159 F.3d 453, 456 (9th Cir. 1998)).

B

We agree with the district court that Walnut Hill did not adduce evidence of a "policy or custom" of the City of Oroville as required to establish § 1983 municipal liability pursuant to *Monell v. Department of Social Services of New York*, 436 U.S. 658, 690–95 (1978). While the actions of high-ranking municipal

3

officials may satisfy *Monell*'s "policy or custom" requirement, plaintiffs claiming municipal liability must, at summary judgment, proffer evidence that defendant-officials are "authorized decisionmaker[s]" for the municipality. *Alexander v. City & Cnty. of San Francisco,* 29 F.3d 1355, 1368 (9th Cir. 1994) (citing *Pembaur v. Cincinnati*, 475 U.S. 469, 481 (1986)). Walnut Hill adduced no such evidence. Although Walnut Hill complains that defendants' motion did not identify *Monell*'s "policy or custom" requirement, summary judgment was appropriate because the motion adequately put Walnut Hill on "'notice that the sufficiency of [its] claim [would] be in issue.'" *Greene v. Solano Cnty. Jail*, 513 F.3d 982, 990 (9th Cir. 2008) (quoting *Buckingham v. United States*, 998 F.2d 735, 742 (9th Cir. 1993)); *see also Corales v. Bennett*, 567 F.3d 554, 569–70 (9th Cir. 2009) (affirming a similar grant of summary judgment).

II

We agree with the district court's grant of summary judgment on Walnut Hill's equal protection and substantive due process claims. We inquire only whether a rational basis exists for City officials' conduct. *Nelson v. City of Irvine*, 143 F.3d 1196, 1205 (9th Cir. 1998). Walnut Hill's assertions, without supporting evidence, that City officials were motivated by animus toward its tenants are insufficient to establish that the evacuation lacked a rational basis. *See Hansen v.*

4

*United States*, 7 F.3d 137, 138 (9th Cir. 1993) (per curiam) ("When the nonmoving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact.").

**AFFIRMED**.