**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-15217 |
| Plaintiff - Appellee, | D.C. No. 1:08-cv-00493-SOM-KSC |
| v. | |
| MICHAEL WILLIAM FLAHERTY, | MEMORANDUM[*] |
| Defendant - Appellant, | |
| and | |
| MARGARET RONA LEE FLAHERTY; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief Judge, Presiding

Submitted June 26, 2012[**]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Michael William Flaherty appeals pro se from the district court's summary judgment in the United States' action to reduce to judgment federal income tax assessments against Flaherty for tax years 1999, 2000, and 2001, and to foreclose on federal tax liens on his property to satisfy the judgment. We have jurisdiction under 28 U.S.C. § 1291. *See* Fed. R. App. P. 4(a)(2). We review de novo, *Stead v. United States*, 419 F.3d 944, 947 n.3 (9th Cir. 2005), and we affirm.

The district court properly granted summary judgment because Flaherty failed to raise a genuine dispute of material fact to rebut the presumption of correctness to the Internal Revenue Service's ("IRS") deficiency determinations and assessments of unpaid taxes, penalties, and interest against him. *See Palmer v. I.R.S.*, 116 F.3d 1309, 1312 (9th Cir. 1997) (IRS assessments for unpaid taxes entitled to presumption of correctness unless taxpayer submits competent evidence that the assessments were arbitrary, excessive, or without foundation); *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (per curiam) (taxpayers' self-serving affidavit did not raise a triable dispute because IRS tax assessments are probative evidence to establish that assessments were properly made).

Flaherty waived his right to appeal the denial of his motion to compel discovery because he failed to file timely objections to the magistrate judge's order. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).

11-15217

Flaherty's remaining contentions, including regarding the government's assessment authority and the district court's jurisdiction, are unpersuasive.

Issues not expressly raised on appeal are deemed waived. *See Cook v. Schriro*, 538 F.3d 1000, 1014 n.5 (9th Cir. 2008).

**AFFIRMED.**

11-15217