**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

 v.

MICHAEL BENOIT,

  Defendant - Appellant,

 and

STATE OF CALIFORNIA FRANCHISE TAX BOARD,

  Defendant.

No. 10-56578

D.C. No. 3:08-cv-02140-MMA-JMA

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted September 10, 2012[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Benoit's request for oral argument is denied.

Before:      WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Michael Benoit appeals pro se from the district court's summary judgment for the United States in its action to reduce to judgment federal income tax assessments and to foreclose liens on Benoit's real property in order to satisfy deficiencies from tax years 1995 and 1996. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Hughes v. United States*, 953 F.2d 531, 541 (9th Cir. 1992), and we affirm.

The district court properly granted summary judgment to the United States because the government submitted Form 4340 for years 1995 and 1996, and Benoit failed to produce any evidence that undermined the validity of the assessed amounts. *See Palmer v. I.R.S.*, 116 F.3d 1309, 1312 (9th Cir. 1997) (Internal Revenue Service assessments for unpaid taxes entitled to presumption of correctness unless taxpayer submits competent evidence that the assessments were arbitrary, excessive, or without foundation); *Hughes*, 953 F.2d at 535 (official certificates, such as Form 4340, can constitute proof of the fact that the assessments were actually and properly made); *see also Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (per curiam) (taxpayers' conclusory, self-serving affidavit did not raise a triable dispute so as to undermine validity of representations in Form 4340).

The district court did not abuse its discretion in denying Benoit's motion to compel in part and in denying Benoit's motion for sanctions. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) ("[B]road discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Benoit's remaining contentions concerning the district court's jurisdiction and impartiality, the relevance of his homestead declaration, and whether the district court improperly adjudicated the California Franchise Tax Board's interests or improperly resolved genuine disputes of material fact, are unpersuasive.

Benoit's motion "for order to show cause why summary judgment should not be vacated," filed on November 17, 2011, is denied.

**AFFIRMED.**