**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES RODNEY LARGENT, | No. 12-71686 |
| Petitioner - Appellant, | CIR No. 004304-11 L |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted May 13, 2014**

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

James Rodney Largent appeals pro se from the Tax Court's summary

judgment permitting the Commissioner of Internal Revenue ("Commissioner") to

proceed with a collection action for tax year 2005.  We have jurisdiction under 26

U.S.C. § 7482(a)(1).  We review de novo, *Johnston v. Comm'r*, 461 F.3d 1162,

---

&ast;      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

&ast;&ast;      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1164 (9th Cir. 2006), and we affirm.

The Tax Court properly granted summary judgment because Largent failed to raise a genuine dispute of material fact as to whether the Commissioner's determination that the collection action should proceed was unsupported. *See Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (per curiam) (discussing summary judgment standard and explaining that a Form 4340 Certificate of Assessments and Payments is probative evidence and, in the absence of contrary evidence, shows that notices and assessments were properly made); *see also* 26 U.S.C. § 6330(c) (matters addressed at a hearing concerning a Notice of Intent to Levy). Contrary to Largent's contention, his tax liability for 2005 was not discharged in bankruptcy because Largent filed his 2005 tax return less than two years before he filed his bankruptcy petition. *See* 11 U.S.C. § 523(a)(1)(B) (excepting from discharge a liability for an income tax if a required return was filed late and less than two years before the filing date of the petition).

Largent's contentions that the Tax Court acted in excess of its jurisdiction and that there is no basis for his tax liability are unpersuasive.

**AFFIRMED.**

12-71686