**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-16801 |
| Plaintiff - Appellee, | D.C. No. 2:10-cv-02358-DGC |
| v. | |
| ROBERT F. SMITH, Sr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted February 17, 2015[**]

Before:    O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Taxpayer Robert Smith appeals pro se from the district court's summary

judgment for the United States in its action to reduce to judgment federal income

tax assessments from tax years 1999 to 2002.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo, *Hughes v. United States*, 953 F.2d 531, 541

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 1992), and we affirm.

The district court properly granted summary judgment because the government submitted Form 4340s for years 1999 to 2002, and Smith failed to raise a genuine dispute of material fact as to the validity of assessments made for those tax years. *See Palmer v. I.R.S.*, 116 F.3d 1309, 1312 (9th Cir. 1997) (Internal Revenue Service assessments for unpaid taxes entitled to presumption of correctness unless taxpayer submits competent evidence that the assessments were "arbitrary, excessive, or without foundation"); *Hughes*, 953 F.2d at 535 (official certificates, such as a Form 4340, can constitute proof of the fact that assessments were actually and properly made); *see also Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (per curiam) (taxpayers' conclusory, self-serving affidavit did not raise a triable dispute so as to undermine the validity of representations in a Form 4340).

The district court did not abuse its discretion in denying Smith's motions to proceed in forma pauperis and to strike the government's evidence. *See Defenders of Wildlife v. Bernal*, 204 F.3d 920, 927-28 (9th Cir. 2000) (identifying the standard of review for evidentiary rulings and requiring a showing of prejudice for reversal); *O'Loughlin v. Doe*, 920 F.2d 614, 616-17 (9th Cir. 1990) (setting forth the standard of review for a denial of leave to proceed in forma pauperis).

We reject Smith's contentions concerning the government's authority to bring this action, the district court's denial of his request to allow a non-attorney to represent him, its denial of any relief requested in his "Offer of Proof," its exclusion of his untimely expert reports, and alleged judicial bias.

**AFFIRMED.**