**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KYUNG M. CHOI, an individual, | No. 12-56040 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-03792-GHK-PLA |
| v. | |
| RAY MABUS, Secretary of the United States Department of Navy, a United States government officer, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. King, Chief District Judge, Presiding

Submitted June 2, 2015[**]
Pasadena, California

Before: FERNANDEZ, FISHER and BEA, Circuit Judges.

Kyung Choi appeals the district court's summary judgment for the

government on her claims that she was discriminated against on the basis of race

and gender, and subjected to a hostile work environment, during her postdoctoral

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

fellowship at the Naval Air Warfare Center, Weapons Division (NAWCWD) between May 2007 and May 2008. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** The district court properly concluded there is no triable issue as to whether Choi was deterred from formally applying for a full-time position at NAWCWD due to discriminatory practices. *See Breiner v. Nev. Dep't of Corrs.*, 610 F.3d 1202, 1208 (9th Cir. 2010). The government provided evidence showing Choi's supervisors at NAWCWD decided not to consider her for a full-time position because they received complaints about her lack of compliance with lab safety guidelines, and were unsatisfied with her ability to publicly present her work. Choi does not provide sufficient evidence to create a triable issue as to whether those reasons were pretextual. *See McDonnell Douglas v. Green*, 411 U.S. 792, 804 (1973).

**2.** The district court properly concluded there is no triable issue as to whether Choi was subjected to a hostile work environment. Choi's claim is based primarily on several inappropriate comments allegedly made by a co-worker, Dr. Zach Sechrist. In the district court, Choi did not cite any evidence in her opposition to the motion for summary judgment to show NAWCWD knew or should have known about those comments. *See Burlington Industries, Inc. v.*

*Ellerth*, 524 U.S. 742, 768 (1998) ("If . . . the employee alleges a . . . hostile work environment, the employer is liable only for negligence: that is, only if the employer knew, or in the exercise of reasonable care should have known, about the harassment and failed to take remedial action."); *Forsberg v. Pacific N.W. Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988) (holding a district court is "not required to comb the record to find some reason to deny a motion for summary judgment").

On appeal, Choi cites her affidavit, in which she says she sent e-mails to her supervisors to complain about Sechrist's inappropriate comments. The record does not contain copies of these alleged e-mails. But an e-mail that is in the record is one she sent to a supervisor, complaining only about Sechrist's work ethic and alleging Sechrist falsely blamed her for causing a gas leak. Absent any supporting evidence, her affidavit is insufficient to create a genuine issue of material fact. *See Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (per curiam) ("When the nonmoving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact.").

**AFFIRMED.**