Zhang v. Garland

BIA
Laforest, IJ
A205 616 747/748

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand twenty-three.

PRESENT:
        JOSEPH F. BIANCO,
        SARAH A. L. MERRIAM,
        MARIA ARAÚJO KAHN,
        *Circuit Judges.*

_____

XIUFEN ZHANG, QI FANG,
        *Petitioners,*

        v.                              **21-6358**
                                        **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

**FOR PETITIONERS:**   David J. Rodkin, Esq., New York, NY.

**FOR RESPONDENT:**   Brian M. Boynton, Acting Assistant Attorney General; Anna E. Juarez, Senior Litigation Counsel; Lynda A. Do, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Xiufen Zhang and Qi Fang, natives and citizens of the People's Republic of China, seek review of a May 20, 2021 decision of the BIA affirming a February 14, 2019 decision of an Immigration Judge ("IJ") denying Zhang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), on which Fang was a derivative beneficiary for asylum. *In re Xiufen Zhang, Qi Fang*, Nos. A205 616 747/748 (B.I.A. May 20, 2021), *aff'g* Nos. A205 616 747/748 (Immigr. Ct. N.Y.C. Feb. 14, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review an adverse credibility determination "under the substantial

evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . , without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Zhang initially claimed that she was forced to have an abortion after becoming pregnant following the birth of her first child and, some years later, was

detained for five days for writing a petition expressing her opposition to the policy. As an initial matter, the only issue Zhang and Fang raise here is the inconsistency finding as to the length of Zhang's detention. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). However, even if they challenged every ground the agency relied on, substantial evidence supports the IJ's adverse credibility determination.

The IJ reasonably relied on Zhang's demeanor, noting that her testimony was evasive and non-specific. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). We give "particular weight" to this finding because "the IJ has the unique advantage . . . of having heard directly from the applicant." *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (quotation marks omitted). The BIA acknowledged Zhang's explanation that her lack of education affected her ability to "put together a coherent and detailed narrative," but determined that the agency "was not obligated to accept this explanation," particularly because Zhang had difficulty responding to the questions posed, not in creating a narrative structure. Certified Administrative Record ("CAR") at 9, 4; *see also Majidi*, 430 F.3d at 80–81.

4

The agency also reasonably relied on inconsistencies in Zhang's testimony and between her testimony and Fang's. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The record reflects inconsistencies regarding the length of her detention, when her last IUD check occurred, and whether she and Fang moved after the abortion. The agency was not required to accept Zhang's explanation that her age and lack of education made it difficult for her to calculate the length of her detention because it did not indicate why she needed to make a calculation rather than recall the detention or resolve why she changed her answers during the hearing. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (emphasis in original, quotation marks omitted)).

The agency also reasonably relied on a lack of reliable corroboration. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Zhang did not provide letters from the family member she stayed with when she got pregnant a second time, the neighbor

5

who she said witnessed her arrest, the woman on whose behalf she complained to the government, or any family members whom she allegedly told about these events, and she presented no documentary evidence of her second pregnancy, the abortion, the fine imposed by her employer, or her 2011 arrest and detention. Additionally, the agency did not err by giving diminished weight to Fang's corroborating testimony as he was an interested party. *Cf. Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (holding that "the IJ acted within her discretion in according [letters from a wife and friend] little weight because the declarants (particularly [the] wife) were interested parties and neither was available for cross-examination"); *Y.C. v. Holder*, 741 F.3d 324, 332–34 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

In sum, Zhang's evasive and non-specific testimony, the inconsistencies, and the lack of corroboration constitute substantial evidence for the IJ's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court