**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RODNEY BERNARD BARNO, | No. 22-15829 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-03886-SI |
| v. | |
| ARMANDO PADILLA; DERREK CAMPAGNA; ALVIN SAINT-LOUIS; GAYLEN WOODS; A. KUSTER, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted October 27, 2023[**]
San Francisco, California

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

California prisoner Rodney Barno appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging that correctional

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

officers retaliated against him. *See* U.S. Const. amend I; *Brodheim v. Cry*, 584

F.3d 1262, 1269 (9th Cir. 2009).[1] We review de novo,[2] and we affirm.[3]

The district court did not err in entering summary judgment on Barno's

Claim 1 because he failed to show the existence of a genuine issue for trial as to

each required element of the claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317,

322–24, 106 S. Ct. 2548, 2552–53, 91 L. Ed. 2d 265 (1986). First, as to some of

the conduct of which Barno complains,[4] there was no evidence that the officers

acted "'because of'"[5] Barno's filing of grievances. On the contrary, the record

showed that they acted to advance the prison's legitimate correctional goals and

needs. *See Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995); *Barnett v. Centoni*,

---

[1] Barno asserts that he did not receive any of the documents filed by Defendants in this appeal. However, Defendants filed certificates of service establishing that they mailed the documents to Barno. Even assuming Barno did not receive the documents, Barno has waived the right to file a reply brief. We therefore proceed to decide this appeal on the merits.

[2] *Fordley v. Lizarraga*, 18 F.4th 344, 350 (9th Cir. 2021); *Brodheim*, 584 F.3d at 1267.

[3] "We may . . . affirm on any ground supported by the record." *McCollum v. Cal. Dep't of Corr. & Rehab.*, 647 F.3d 870, 882 (9th Cir. 2011).

[4] Defendant Woods' placement of the sign; Defendant Campagna's informing Barno of a bunkmate assignment; Defendant Saint-Louis's handcuffing Barno, placing him in a holding cell, and threatening him; and Defendant Padilla's adjudication of disciplinary charges against Barno and imposition of punishment.

[5] *Brodheim*, 584 F.3d at 1269; *see McCollum*, 647 F.3d at 882.

2

31 F.3d 813, 815–16 (9th Cir. 1994). Barno's speculation that they may have harbored retaliatory motives does not establish a genuine dispute of material fact. *See Wood v. Yordy*, 753 F.3d 899, 904–05 (9th Cir. 2014); *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (per curiam); *see also Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007).

Second, even assuming that Campagna added certain facts when he revised his Rules Violation Report (RVR) regarding the podium incident, there was no indication that the addition of those facts harmed Barno or would deter "'a person of ordinary firmness from future First Amendment activities.'" *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). The facts at issue were immaterial to the gravamen of the RVR (that Barno had disobeyed an order), which conveyed the gravity and substance of his violation without the purportedly-added facts. *See id.*

Third, while Barno presented some evidence that Woods had threatened him with false disciplinary charges and that Campagna had threatened that Padilla would impose the maximum punishment for those false charges, no reasonable jury could believe that evidence because it "is blatantly contradicted by the record." *Scott*, 550 U.S. at 380, 127 S. Ct. at 1776. Moreover, the report that Woods eventually drafted did not contain false charges. Summary judgment was appropriate.

The district court also did not err in entering summary judgment in favor of Campagna on Claims 2, 4, and 6. With regard to Claims 2 and 4, Barno presented no evidence that his predicate conduct — commenting on an officer's appearance and assisting a fellow inmate to file grievances — was protected by the First Amendment. *See Shaw v. Murphy*, 532 U.S. 223, 231 & n.3, 121 S. Ct. 1475, 1480 & n.3, 149 L. Ed. 2d 420 (2001); *cf. Jones v. Williams*, 791 F.3d 1023, 1035–36 (9th Cir. 2015). As to Claim 6, the mere conclusory assertions in Barno's verified complaint and declarations that he was housed with incompatible inmates did not establish a genuine dispute of material fact in that regard. *See Hansen*, 7 F.3d at 138; *see also* Cal. Code Regs. tit. 15, § 3269(b), (c), (e).

Summary judgment was also properly entered in favor of Defendant Kuster on Claim 5 because there was no evidence that Kuster knew of Barno's history of filing grievances, let alone that Kuster approved a housing transfer because of that history. *See McCollum*, 647 F.3d at 882; *Pratt*, 65 F.3d at 808. Neither suspicious timing[6] nor Kuster's supervisory status[7] amounts to evidence of a retaliatory motive.

---

[6] *See Pratt*, 65 F.3d at 808.

[7] *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

4

Finally, the district court did not err in dismissing Barno's Claim 3 without prejudice on the ground that he failed to exhaust administrative remedies. *See* 42 U.S.C. § 1997e(a); *Fordley*, 18 F.4th at 351. Barno does not dispute that his prison grievances and appeals omitted Claim 3. *See Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc). We reject Barno's conclusory assertion that administrative remedies were unavailable,[8] which is both unsupported and belied by his successful exhaustion of a number of other retaliation claims during the same period.

**AFFIRMED.**

---

[8] *Cf. Ross v. Blake*, 578 U.S. 632, 643–44, 136 S. Ct. 1850, 1859–60, 195 L. Ed. 2d 117 (2016).