*Chen v. Barr*

BIA
Hom, IJ
A206 103 550

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of April, two thousand nineteen.

PRESENT:
>ROBERT D. SACK,
>PETER W. HALL,
>CHRISTOPHER F. DRONEY,
>*Circuit Judges.*

_____

WU XIN CHEN, AKA XIN CHEN WU,
>*Petitioner,*

v.                                                    17-2215
                                                      NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:          Yee Ling Poon; Deborah
                         Niedermeyer, Law Office of Yee
                         Ling Poon, LLC, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Greg D. Mack,
                         Senior Litigation Counsel;

Virginia L. Gordon, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wu Xin Chen, a native and citizen of the People's Republic of China, seeks review of a June 22, 2017, decision of the BIA affirming a December 1, 2016, decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wu Xin Chen,* No. A 206 103 550 (B.I.A. June 22, 2017), *aff'g* No. A 206 103 550 (Immig. Ct. N.Y. City Dec. 1, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *Wala v. Mukasey*, 511 F.3d 102, 105 (2d Cir. 2007). Because the BIA assumed credibility, the adverse credibility determination is not before us. *See Yan*

2

*Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Ineffective Assistance of Counsel

The BIA did not err in rejecting Chen's allegations of ineffective assistance of counsel for failure to comply with *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1998). *Lozada* requires an alien to file an affidavit detailing his agreement with former counsel and submit proof that he notified former counsel and the proper disciplinary authority of his allegations. 19 I. & N. Dec. at 639. We require "substantial compliance," but not "slavish adherence to the requirements." *Yi Long Yang v. Gonzales*, 478 F.3d 133, 143-44 (2d Cir. 2007). Failure to comply substantially with the *Lozada* requirements constitutes forfeiture of an ineffective assistance claim. *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46-47 (2d Cir. 2005). Substantial compliance is required "to deter meritless claims and to provide a basis for determining whether counsel's assistance

3

was in fact ineffective." *Twum v. INS*, 411 F.3d 54, 59 (2d Cir. 2005).

Chen contends that his prior counsel was ineffective for failing to explain to the IJ why documents were untimely filed; to file a motion to extend the time for filing evidence; and to timely file country conditions evidence.[1] As to that last claim, he argues that he is exempt from complying with *Lozada* because the ineffectiveness was clear on the face of the record. Chen's former counsel admitted fault for the untimely submission of country conditions evidence. Even if Chen were not bound by *Lozada*, however, he cannot show the prejudice needed to state an ineffective assistance claim because the IJ considered evidence of country conditions notwithstanding Chen's counsel's failure to file it on time. *See Rashid v. Mukasey*, 533 F.3d 127, 131

---

[1] We decline to consider the remaining ineffective assistance claims regarding the translation and the IJ's questioning because they were not exhausted before the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122-24 (2d Cir. 2007) (describing issue exhaustion as mandatory); *Arango-Aradondo v. INS*, 13 F.3d 610, 614 (2d Cir. 1994) (holding that petitioner must first raise ineffective assistance of counsel claim with the BIA).

4

(2d Cir. 2008) (requiring showing of prejudice to prevail on an ineffective assistance claim).

As to the first two claims, Chen relies on *Yi Long Yang* to argue that he is exempt from *Lozada*'s requirements. But his reliance is misplaced inasmuch as *Lozada* was inapplicable in that case because counsel had already been disbarred. *See Yi Long Yang*, 478 F.3d at 143. Chen makes no such allegation here. Chen was therefore required to comply with *Lozada* as to these allegations. *See Jian Yun Zheng*, 409 F.3d at 46-47.

Corroboration

"The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Chuilu Liu*, 575 F.3d at 196-97. "In determining whether the applicant has met [his] burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the

applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii).

It was reasonable for the IJ to require evidence to corroborate Chen's testimony–which was offered to establish that he had been persecuted while living in China–because Chen's testimony was vague and lacking in detail. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *see also Chuilu Liu*, 575 F.3d at 196-97. And the agency properly identified the missing evidence. *See Chuilu Liu*, 575 F.3d at 198-99. The IJ noted that Chen failed to corroborate his testimony offered to establish past persecution. Chen testified that he was arrested for distributing church flyers while in China. But Chen did not provide timely filed affidavits from his father, mother, or the other church member whom he was allegedly arrested with. Nor did Chen corroborate his testimony that when he was in China, his parents were forced to pay a bribe, that he was charged with being a member of a cult, or that the police came to his home looking for him after he left for the United States. Chen did not establish that corroborating

6

evidence from his family and fellow arrestee was unavailable, and his untimely submission of a letter from his father indicates that he could have obtained more detailed statements at an earlier date. *See id.* at 198; 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless . . . a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."). Chen asserted that a letter from the church member he was arrested with and evidence that he was charged with being part of a cult and that his parents had the funds to pay a bribe, was not available, but he did not explain why. In sum, given Chen's vague testimony and the lack of reliable corroboration, the agency did not err in finding that Chen failed to satisfy his burden of proof as to his claim of past persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(ii).

Well-Founded Fear of Future Persecution

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, 8 C.F.R. § 1208.13(b)(2), which must

be both subjectively credible and objectively reasonable, *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To demonstrate a well-founded fear, an applicant must show either a reasonable possibility that he would be "singled out" for persecution or that the country of removal has a "pattern or practice" of persecuting individuals "similarly situated" to him. 8 C.F.R. § 1208.13(b)(2)(iii). Furthermore, where a claim is based on activities undertaken solely in the United States, "an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

The IJ did not err in finding that Chen's practice of Christianity in the United States did not establish a well-founded fear of persecution. Chen did not show a pattern or practice of persecution of similarly situated individuals or that the Chinese government was or would likely become aware of his practice of Christianity in the United States. The 2015 State Department International Religious Freedom Report states that, "[i]n some parts of the country . . . local

authorities allowed or at least did not interfere with the activities of unregistered religious groups," and as the IJ noted, the report does not reflect persecution in Chen's home province. Where treatment of Christians varies by region, the agency does not err by requiring evidence specific to an applicant's home region. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 165-66, 174 (2d Cir. 2008) (finding that the BIA does not err in requiring localized evidence of persecution when the record reflected wide variances in how policies are understood and enforced throughout China). Furthermore, the IJ reasonably concluded that although a State Department report shows some arrest and mistreatment of members of unregistered churches, Chinese authorities primarily target church leaders. Accordingly, the agency did not err in concluding that Chen failed to demonstrate systemic or pervasive persecution of similarly situated Christians as needed to demonstrate a pattern and practice of persecution in China. *See* 8 C.F.R. § 1208.13(b)(2)(iii); *see also Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009) (denying petition where agency considered background materials and rejected pattern or practice claim); *In re A-*

9

*M−*, 23 I. & N. Dec. 737, 741 (BIA 2005) (recognizing that a pattern or practice of persecution is the "systemic or pervasive" persecution of a group).

Furthermore, the agency did not err in finding that Chen failed to establish that the Chinese government was, or would likely become aware of his practice of Christianity. There was no evidence that the Chinese government was aware of his practice of Christianity in the United States. And it is also unlikely that the Chinese government would become aware of his practice once he reaches Chinese soil. There are tens of millions of unregistered practitioners of Christianity in China, and Chen did not establish that there was significant persecution of Christians in his home province. *See Jian Hui Shao*, 546 F.3d at 149-50, 165-66; *Hongsheng Leng*, 528 F.3d at 143.

For these reasons, the agency did not err in finding that Chen failed to satisfy his burden of establishing past persecution or an objectively reasonable fear of future persecution on account of his religion. *See Chuilu Liu*, 575 F.3d at 196-98; *see also Hongsheng Leng*, 528 F.3d at 142-43. That finding is dispositive of asylum, withholding of

10

removal, and CAT relief because all three claims were based on the same factual predicate. *See Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11