NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 14 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICK FORD, | No.  22-16629 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00191-TLN-DB |
| v. | |
| VICTOR BORTOLAMEDI, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| FRANK VELA, | |
| Defendant. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted December 12, 2023[**]
San Francisco, California

Before:  GOULD, KOH, and DESAI, Circuit Judges.

Three fellow inmates at California State Prison – Sacramento assaulted

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Patrick Ford. No correctional officers intervened. Ford filed suit against correctional officers Victor Bortolamedi and Frank Vela, pursuant to 42 U.S.C. § 1983, alleging Eighth Amendment violations for conspiracy to assault an inmate and for failure to protect. The district court granted Bortolamedi's motion for summary judgment.[1] Ford appeals, challenging the grant of summary judgment on both the failure-to-protect claim and the conspiracy claim. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review *de novo* a district court's grant of summary judgment. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (*en banc*). Granting summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (quoting Fed. R. Civ. P. 56(a)). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to "establish that there is a genuine issue of material fact." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986).

---

[1] Because Vela did not join Bortolamedi's motion for summary judgment, we review only the district court's grant of summary judgment in favor of Bortolamedi and make no determinations regarding Ford's claims against Vela.

To bring a section 1983 claim, a plaintiff must establish that the defendant (1) acted "under color of state law" to (2) deprive the plaintiff "of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Prison officials, when acting in their official capacity, are acting under color of state law. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (*en banc*).

1. The district court correctly concluded that Ford did not tender evidence of specific facts to support his contention that there is a genuine issue of material fact about a potential conspiracy between Bortolamedi and Ford's attackers. Private parties act under color of state law "when engaged in a conspiracy with state officials to deprive another of federal rights." *Tower v. Glover*, 467 U.S. 914, 920 (1984). To prove a conspiracy between state officials and private parties under section 1983, plaintiffs "must show an agreement or meeting of the minds to violate constitutional rights." *United Steelworkers v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540–41 (9th Cir. 1989) (*en banc*) (internal quotation marks omitted). Ford argues that there is evidence showing that Bortolamedi was a co-conspirator who set in motion a series of acts by others with the intent to inflict a constitutional injury on Ford. However, beyond his own impressions and speculation, Ford identifies no evidence showing that Bortolamedi conspired to harm him.

2. The district court also correctly concluded that Ford did not offer evidence to show that there is a genuine issue of material fact as to whether Bortolamedi failed to protect Ford from being assaulted. "The Eighth Amendment requires prison officials to protect inmates from violence." *Wilk v. Neven*, 956 F.3d 1143, 1147 (9th Cir. 2020). However, in such contexts, a correctional officer only violates an inmate's Eighth Amendment rights if the official is "deliberately indifferent," that is, "subjectively aware of a substantial risk of serious harm to an inmate and disregards that risk by failing to respond reasonably." *Id.* Beyond his own interpretation of events, Ford offered no evidence to satisfactorily connect Bortolamedi's actions or inactions with the assault. *See Johnson v. Duffy*, 588 F.2d 740, 743–44 (9th Cir. 1978). The district court correctly concluded Ford's proffered evidence to support that connection— his own conclusory statements, without "specific facts" connecting Bortolamedi's actions to the assault—was insufficient. *See Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (*per curiam*).

**AFFIRMED.**